Warren Frederick TYLER, Plaintiff-Appellant,

v.

Robert L. RUSSEL, District Attorney for the Fourth Judicial District of the State of Colorado; Hon. William M. Calvert, Presiding Judge of the Fourth Judicial District of the State of Colorado; Hon. G. Russell Miller, one of the Judges of said Court; and Hon. Robert Cole, Presiding Judge of the County Court within and for the County of El Paso, State of Colorado, Defendants-Appellees.

No. 61–68.

United States Court of Appeals Tenth Circuit.

May 2, 1969.

R. George Silvola, Colorado Springs, Colo., for plaintiff-appellant.

Aurel M. Kelly, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., was with

her on the brief) for defendants-appellees.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant brought suit to enjoin a pending criminal prosecution on the ground that certain Colorado procedural statutes violate his federal constitutional rights. The trial court denied a request for a three-judge district court and dismissed the action because of absence of jurisdiction.

On May 9, 1968, plaintiff was charged in the county court of El Paso County, Colorado, with the offense of taking indecent liberties with a minor. A warrant was issued and he was arrested and placed on bond. On May 21 an information was filed in the district court and the county court proceedings were terminated. The district court proceedings are still pending.

The complaint in the instant action says that C.R.S.1963, § 39–2–7 (warrants) and § 39–5–1 (direct informations) and Colorado Rules of Criminal Procedure No. 3 (complaints), No. 4(a) (summons), and No. 7(b) (3) (direct informations) violate the Fourth Amendment because they permit the institution of criminal proceedings, and the arrest of the accused, without a judicial inquiry into, or determination of, probable cause.

■ Federal jurisdiction is invoked under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. The latter is not a jurisdictional statute and is significant only to the extent that it creates a cause of action. See Hague v. Committee for Industrial Organization, 307 U.S. 496, 506–508, 59 S.Ct. 954, 83 L.Ed. 1423, which discusses the predecessors of the mentioned statutes. The district court, without convening a three-judge court, dismissed the action on the ground that it was barred by 28 U.S.C. § 2283 which forbids federal stay of state court proceedings with certain exceptions, one of which arises when a stay is expressly authorized by Congress. Appellant argues that § 2283 does not bar the action because of the irreparable injury to him. He also suggests that the case is within the exceptions stated in § 2283 because § 1983 is an express authorization by Congress for the grant of injunctive relief. He insists that in any event the question of jurisdiction must be determined by a three-judge district court.

■ The rule is that a single judge may dismiss for lack of jurisdiction and his determination is made on the basis of the allegations of the complaint. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, and Board of Education of Independent School District 20 v. Oklahoma, 10 Cir., 409 F.2d 665. The inquiry of the single judge includes among other things whether the complaint alleges a basis for equitable relief. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794.

■ Section 2283 is not a jurisdictional statute but rather a limitation upon the exercise by a district court of its equity jurisdiction. Baines v. City of Danville, Va., 4 Cir., 337 F.2d 579, 593, cert. denied 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702. Our question is not whether § 2283 bars relief but whether the complaint alleges a basis for equitable relief. This must be determined by testing the complaint against the rules which have been established to determine the power of a federal court to grant the equitable relief which is requested.

■ The well established rule is that federal courts will not ordinarily restrain pending state criminal prosecutions. Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324; see also Cline v. Frink Dairy Co., 274 U.S. 445, 452–453, 47 S.Ct. 681, 71 L.Ed. 1146, and Ex Parte Young, 209 U.S. 123, 161–162, 28 S.Ct. 441, 52 L.Ed. 714. Appellant seeks to avoid this rule by reliance on Dombrowski v. Pfister, 380 U.S. 479, 484–486, 85 S.Ct. 1116, 14

L.Ed.2d 22, where the Court held that injunctive relief was appropriate even though criminal prosecutions were pending in state courts. Dombrowski was concerned with First Amendment rights. The Court pointed out that: "The assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights is unfounded in such cases."

Dombrowski presented an extraordinary situation where there was no adequate remedy at law and the injury was irreparable. Absent such circumstances, the federal courts will not interfere with pending state criminal proceedings. Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324; Stefanelli v. Minard, 342 U.S. 117, 122, 72 S.Ct. 118, 96 L.Ed. 138; Wilson v. Schnettler, 365 U.S. 381, 385–386, 81 S.Ct. 632, 5 L.Ed.2d 620, and Cleary v. Bolger, 371 U.S. 392, 397, 83 S.Ct. 385, 9 L.Ed.2d 390.

Appellant claims only that certain Colorado procedural statutes violate the Fourth Amendment by permitting arrest and prosecution without a judicial determination of probable cause. He does not claim that Colorado is enforcing its laws unequally or that its courts are insensitive to federal constitutional rights. He has an adequate remedy at law in the state trial of his case, an appeal to the state supreme court, and the right to petition the Supreme Court of the United States for review of any federal question. Wilson v. Schnettler, 365 U.S. 381, 384–385, 81 S.Ct. 632, 5 L.Ed. 2d 620. No great and irreparable injury results to him which would not result to any other person charged with the same crime. Dameron v. Harson, W.D.La., 255 F.Supp. 533, 539, aff'd 5 Cir., 364 F.2d 991. The grant of the relief sought would expose state criminal prosecutions "to insupportable disruption." Stefanelli v. Minard, 342 U.S. 117, 123, 72 S.Ct. 118, 96 L.Ed. 138. The complaint fails to state a basis for equitable relief and was properly dismissed by the single judge.

Affirmed.