Rafael SIERRA MELENDEZ, Plaintiff,

v.

Antonio RIVERA BRENES, Judge of the Superior Court of Puerto Rico, San Juan Part, Respondent.

Civ. No. 512–71.

United States District Court, D. Puerto Rico.

Sept. 20, 1971.

Santos P. Amadeo, Rio Piedras, P. R., for plaintiff.

Gilberto Gierbolini, Sol. Gen. and Roberto Armstrong, Jr., Asst. Sol. Gen., Department of Justice of Commonwealth of P. R., San Juan, P. R., for defendant.

## OPINION AND ORDER

FERNANDEZ-BADILLO, District Judge.

On July 19, 1971, plaintiff herein filed in this Court a "Complaint for Injunctive Relief Under Civil Rights Act of April 20, 1871 (42 USCA 1983 and 28 USCA 1343, Sec. 3)" praying us to issue both a temporary and final injunction against the defendant, a judge of the Superior Court of Puerto Rico, prohibiting him to try the petitioner in Criminal Case No. G70–2599 on July 20, 1971, or on any other date, until an appeal of the petitioner's habeas corpus would be decided on the merits by the Supreme Court of Puerto Rico.

Upon the allegations in the complaint, on the same date of filing the Court issued an Order granting the temporary relief requested without notice to the respondent and ordering said respondent to show cause why the preliminary and permanent relief should not be granted.

On July 23, 1971 the hearing for showing cause was held and defendant appeared, represented by Mr. Gilberto Gierbolini, Esq., the Solicitor General of the Commonwealth of Puerto Rico, and moved the Court to dismiss the complaint and dissolve the temporary restraining order.

Since by its own terms, the temporary restraining order expired on July 29, 1971, we now address ourselves to that part of petitioner's prayer urging this Court to grant them permanent injunctive relief against defendant.

After extensive oral argument and legal memoranda having been filed by both parties, this Court finds that plaintiff has failed to meet the burden of showing facts indicating the violation by officers of the Commonwealth of Puerto Rico, of federally protected fundamental constitutional rights in such a degree that would justify the exercise of our limited discretionary powers to interfere with the state criminal proceedings now pending against plaintiff.

This Court has already decided[1] that the Civil Rights Act, Sec. 1983 of Title 42 U.S.C.A.,[2] upon which plaintiff bases his claims for relief has not superseded, abrogated, suspended or modified, Sec. 2283 of Title 28 U.S.C.A.[3] And that just because a plaintiff pleads a claim for relief under 42 U.S.C.A. § 1983 he does not thereby surmount the obstacle of 28 U.S.C.A. § 2283.

The facts of the case are as follows:

On July 12, 1970, the Hon. Víctor R. Toro, a Judge of the District Court of Puerto Rico issued a warrant of arrest against plaintiff herein after finding probable cause for charging him with the crime of grand larceny and violation of the Weapon's Law of Puerto Rico. Bail was fixed at $50,000. Plaintiff was arrested on that same date and failing to post bond, was ordered into custody at the district jail.

At that time plaintiff was advised of the charges against him and of his rights to communicate with his relatives

---

1. Valentín Pérez v. Gil, 695–69 (1969) and Rodríguez Rivera v. Santana Maiz, 540–70 (1971).

2. 42 U.S.C.A. § 1983
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3. 28 U.S.C.A. § 2283
   "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

and lawyer, to remain silent and to a preliminary hearing.

On July 14, 1970, petitioner filed a petition for Habeas Corpus in the Superior Court of Puerto Rico, alleging his arrest was illegal because there was no probable cause that the petitioner had committed the crime of grand larceny charged him nor any other crime and that the bail fixed by the District Judge was excessive and unreasonable.

The Superior Court Justice issued a preliminary writ of Habeas Corpus and after a hearing, reduced bail to $5,000 but did not rule on the question of probable cause. Plaintiff posted bail and went free on bail.

On July 31, 1970, the Preliminary Hearing was held before District Court Judge Hon. Blanca Iris Bonilla and plaintiff herein appeared, assisted by his attorney. The right to a preliminary hearing was waived by plaintiff, in writing, signed both by him and his attorney. This waiver led to a finding of probable cause and the case was forwarded to the Superior Court for trial. On August 20, 1970, the District Attorney filed in the Superior Court an information against plaintiff charging him with Grand Larceny and Violation of Art. 6 of the Weapon's Law of Puerto Rico. Arraignment was set for September 22, 1970, and later moved to October 27, 1970 at which time a plea of not guilty was entered. Trial was set for December 3, 1970.

Because of the pending habeas corpus proceedings, the criminal case was delayed. After an evidentiary hearing and briefs by the parties the habeas corpus case was decided against plaintiff on July 2, 1971. Petitioner appealed that decision to the Supreme Court of Puerto Rico on July 8, 1971. At that time the Supreme Court was in its summer vacation, Associate Justice, Angel M. Martin, remaining on duty. On the basis of this appeal, on July 15, 1971, plaintiff herein petitioned the Puerto Rico Supreme Court Justice on duty for a stay of the trial pending in the Superior Court. At that time said trial was scheduled for July 20, 1971. On July 16th the Associate Justice Martin denied the petition for stay of proceedings. A reconsideration was also denied. Plaintiff then petitioned this Court for an order to that same effect, which was issued forthwith as previously recounted.

Under 4 L.P.R.A. Sec. 34[4] Justice Martin's decision was appealable within 10 days, to the Supreme Court of Puerto Rico in full. Plaintiff herein did not take that appeal.

We will not go into the merits of plaintiff's position before the Supreme Court of Puerto Rico other than to take notice that the appeal on the petition for habeas corpus is currently pending before that Court.

It is generally agreed that nobody has a constitutional right to appellate review[5] but where a state statute

---

4. 4 L.P.R.A. Sec. 34

"One of the justices of the Supreme Court shall always remain in the Capital of Puerto Rico when the Court is not in session, and said justice shall have power to issue inhibitory writs of certiorari, of mandamus, of quo warranto, and of habeas corpus; but his decision in such cases shall be subject to revision by the Supreme Court which, whenever so requested by the interested party within the ten days following notice of such decisions, shall revise the decision of the judge in chambers in any of said cases, and shall render such decision as it deems proper. * * * "

5. "It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all". Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956).

"An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal.
provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now, a necessary element of due process of law. McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 915, 38 L.Ed. 867 (1894)".

grants that right, it becomes a matter of federal concern under the equal protection clause of the Fourteenth Amendment, requiring uniformity of opportunity to appeal. Cochran v. Kansas, 316 U.S. 255, 257–258, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942); Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); rehearing denied, 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480; Burns v. Ohio, 360 U.S. 252, 257, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Douglas v. California, 372 U.S. 353, 355–357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Neither plaintiff's allegations nor the record suggest any violation of the above mentioned principle. His habeas corpus appeal was processed without any obstacle. Cfr. Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). Plaintiff herein has failed to show any kind or form of discrimination in the handling of his appeal before the Supreme Court of Puerto Rico. Nor has plaintiff herein shown us nor the record indicates that there exists any other unusual situation calling for federal intervention to protect his fundamental constitutional rights.

The only injury which he faces in connection with the state prosecutions for grand larceny and for violation of the Weapon's Law is that incidental to every criminal proceeding brought lawfully and in good faith by any state or the Commonwealth of Puerto Rico. There is no constitutional protection against that uniform risk to which all citizens or members of the community are exposed. Beal v. Missouri Pacific R.R. Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 577, 579 (1941); Douglas v. Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324, 1330; Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed. 669, 677 (1971).

Close to the point in the instant case is the case of Tyler v. Russel, 410 F.2d 490 (10 Cir. 1969), where plaintiff was charged in state court with the offense of taking indecent liberties with a minor. He attempted to secure an injunction under the same sections of law invoked by plaintiff herein. His request was denied in the following words (410 F.2d at 492):

"Appellant claims only that certain Colorado procedural statutes violate the Fourth Amendment by permitting arrest and prosecution without a judicial determination of probable cause. He does not claim that Colorado is enforcing its laws unequally or that its courts are insensitive to federal constitutional rights. He has an adequate remedy at law in the state trial of his case, an appeal to the state supreme court, and the right to petition the Supreme Court of the United States for review of any federal question. Wilson v. Schnettler, 365 U.S. 381, 384–385, 81 S.Ct. 632, 5 L.Ed.2d 620. No great and irreparable injury results to him which would not result to any other person charged with the same crime. Dameron v. Harson, W.D.La., 255 F.Supp. 533, 539, aff'd 5 Cir., 364 F.2d 991. The grant of the relief sought would expose state criminal prosecutions 'to insupportable disruption.' Stefanelli v. Minard, 342 U.S. 117, 123, 72 S.Ct. 118, 96 L.Ed. 138. The complaint fails to state a basis for equitable relief and was properly dismissed by the single judge."

Younger v. Harris, supra, which we find controlling, is a recent reaffirmation of federal repugnance to intervene in pending state criminal proceedings. The reasons for that attitude are explained as follows at 401 U.S. pages 43–44, 91 S.Ct. page 750:

"The precise reasons for this long-standing public policy against federal court interference with state court proceedings have never been specifically identified but the primary sources of the policy are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not

act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. The doctrine may originally have grown out of circumstance peculiar to the English judicial system and not applicable in this country, but its fundamental purpose of restraining equity jurisdiction within narrow limits is equally important under our Constitution, in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted. This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism', and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and dreams of 'Our Federalism' " [6]

■■ It has been repeatedly held by the United States Supreme Court that a single prosecution, in good faith, is a risk to which all citizens are exposed and that such prosecution is not a violation of federally guaranteed civil rights. Beal v. Missouri Pacific R. R. Corp., supra, and cases cited therein; Younger v. Harris, supra, 401 U.S. at pages 46-47, 91 S.Ct. 746 and cases cited therein.

The single criminal prosecution for larceny to which plaintiff is currently exposed is clothed with all the guarantees arising out of commonwealth and federal constitutions. Plaintiff has neither alleged nor shown to us that his prosecution is being made in bad faith. (Cf. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965)). This alone is sufficient to preclude federal court intervention in state criminal proceedings. Younger v. Harris, supra, 401 U.S. at pages 48-49, 91 S.Ct. 746.

■ Neither has plaintiff alleged nor shown that the state criminal prosecution for larceny threatens him with great and immediate irreparable injury. This is a prerequisite for establishing an action in equity that would enable this court to invoke its powers and intervene in state criminal proceedings. Absent this showing, this Court cannot grant plaintiff's prayer. Younger v. Harris, supra, 401 U.S. at page 46, 91 S. Ct. 746; Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Zwickler v. Koota, 389 U.S. 241, 253, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, supra; Douglas v. Jeannette, supra.

■ Even where a state prosecution is made under a statute of dubious constitutionality, federal courts should not stay criminal proceedings until state courts have had an opportunity to fully perform their duty to give the accused a fair trial. Wilson v. Schnettler, 365 U.S. 381, 384, 81 S.Ct. 632, 5 L.Ed.2d 620 (1961) and cases cited therein.

■ The present case presents none of the elements essential for federal intervention in state criminal proceedings. No federally protected right is threatened, no bad faith prosecution and harassment is even alleged, and no great and immediate irreparable injury is imminent. Therefore, the case is hereby dismissed.

It is so ordered.

---

6. Although Puerto Rico is a Commonwealth and not a State of the Union vis-a-vis the Federal Government, this same principle of federal relations is applicable to the present case. Public Law 600, 81st Congress, July 3, 1950, c. 446, 64 Stat. 319; Puerto Rican Federal Relations Act, July 3, 1950, c. 446, 64 Stat. 319; Mora v. Mejías, 206 F.2d 377 (1 Cir. 1953).