UNITED STATES of America, Plaintiff-Appellee,

v.

Guillermo Rhodes CRUZ, Defendant-Appellant.

No. 76–3527.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1978.

Gustavo Acevedo, Asst. Federal Public Defender, Laredo, Tex., Roland E. Dahlin, II, Federal Public Defender, Karen K. Friedman, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Rene Gonzalez, Asst. U. S. Atty. Laredo, Tex., James R. Gough, Anna E. Stool, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before BROWN, Chief Judge, THORN-BERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.*

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.

TJOFLAT, Circuit Judge, with whom BROWN, Chief Judge, AINSWORTH, GEE and VANCE, Circuit Judges, join, dissenting:

When I dissented from the majority opinion of the en banc court in this case I stated

---

* Judge Morgan was a qualified member of the en banc court at the time of submission and the decision en banc in this case. Subsequently, the Omnibus Judgeship Bill, Public Law 95– 486, 92 Stat. 1629 (95th Congress) was approved October 20, 1978. In view of this, he did not participate in this decision.

that the majority did serious and unwarranted violence to the precedent of this circuit. *United States v. Cruz*, 581 F.2d 535, 545 (5th Cir. 1978) (en banc). I write now to add that I believe the majority opinion also offends recent pronouncements of the Supreme Court. Therefore, I dissent from the denial of the petition for rehearing.

In part, the gist of my prior dissenting argument is that the law of this circuit teaches that the motives of an officer are irrelevant to the determination whether a stop or arrest effected by him is constitutionally valid. *Id.* at 545–46; *see United States v. Warren*, 578 F.2d 1058, 1065 (5th Cir. 1978) (en banc); *Amador-Gonzalez v. United States*, 391 F.2d 308 (5th Cir. 1968). If the officer has objective justification for the stop or arrest, it is valid. The majority, however, looked to the subjective motivations of the officer and held invalid the stopping of a vehicle driven by the defendant and containing illegal aliens. The majority so held even though it was unquestioned that the defendant had made an illegal U-turn. The majority believed that the stop was a pretext and that the officer was merely out hunting for illegal aliens. Finding the stop invalid, the majority held that the incriminating testimony of two of the aliens who were discovered in the defendant's vehicle should have been suppressed.

The Supreme Court squarely rejected the majority's reasoning in its recent opinion in *Scott v. United States*, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978).[1] In *Scott*, the Court enunciated the standards by which compliance with the minimization requirement for wiretapping and electronic surveillance under title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520 (1976), is determined.[2] The Court equated the standards under the Act to those under the fourth

amendment to the Constitution, *id.* 436 U.S. at 138, 98 S.Ct. at 1724, and reaffirmed the constitutional principle that "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Id.* 436 U.S. at 138, 98 S.Ct. at 1723. Motives, the Court continued, are not irrelevant to the suppression inquiry, for they "may have some relevance in determining the propriety of applying the exclusionary rule. . . . This focus on intent, however, becomes relevant *only after* it has been determined that the Constitution was in fact violated." *Id.* 436 U.S. at 139 n.13, 98 S.Ct. at 1724 (emphasis added).

Under *Scott* and the law of this circuit as it stood before the en banc opinion in this case, the stop of the defendant's vehicle was constitutionally sound because there were uncontested objective justifications for it. Since the stop was valid, the testimony of the aliens was properly admitted because their discovery was untainted. They were immediately visible to the officer when he approached the defendant's vehicle, and they were suspicious in appearance and action. As the majority admitted, "if the initial stop was legal, the [officer] had the duty to investigate suspicious circumstances that then came to his attention." 581 F.2d at 539 (citations omitted). Directly upon inquiry, the officer determined that the aliens were illegally in the United States, and he arrested them and the defendant.

For these reasons, as well as others voiced in my prior dissent, I would grant the petition for rehearing and affirm the defendant's conviction.

---

1. The *Scott* opinion, which was rendered on May 15, 1978, was first brought to the attention of the court in the Government's petition for rehearing of the en banc disposition.

2. Title III requires that such wiretapping or electronic surveillance "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter." 18 U.S.C. § 2518(5) (1976).