**Harold W. LOWRIE, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 82–K–1618.

United States District Court,
D. Colorado.

Feb. 11, 1983.

---

Rick Budd, Drexler, Wald & Abramovitz, P.C., Denver, Colo., for plaintiffs.

John R. Barksdale, Asst. U.S. Atty., Denver, Colo., Angelo Castelli, Dept. of Justice, Tax Div., Washington, D.C., Dennis W. Hartley, Hartley, Obernesser & Olson, Colorado Springs, Colo., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, Colo., John E. Hayes, Englewood, Colo., James C. Sell, Chief Deputy Dist. Atty., Littleton, Colo., F. Joseph Mackey, III, Chief Deputy Dist. Atty., Golden, Colo., Larry A. Williams, State of Colo., Asst. Atty. Gen., Darlene M. Ebert, Asst. City Atty., Denver, Colo., for defendants.

## ORDER DENYING MOTIONS TO DISMISS

KANE, District Judge.

Plaintiffs bring this action for injunctive relief and return of property which they allege was unconstitutionally and illegally seized from their offices and places of business in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. Subject matter jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1651 and the action is brought pursuant to F.R.Crim.P. 41(e). All plaintiffs are residents of or corporations organized under the laws of the State of Colorado. Defendants are various federal and state officers and agencies.

Plaintiffs' complaint asserts that on January 26, 1981, based on an allegedly insufficient affidavit, the Denver District Court issued search warrants for Palace, Inc., d/b/a PT's; Saturday's Inc.; 1661, Inc., d/b/a Boogie Down; MJL Corporation, d/b/a PT's of Colorado Springs, Inc.; the law offices of Bernard Morley; International Entertainment Consultants, Inc.; the office of Harold W. Lowrie and the office of T. Edward Sanchez, both maintained at the office of International Entertainment Consultants, Inc.; Eagle Management Services, Inc.; John Titello, d/b/a Titello & Associates; and the offices of Kristen Benson and Jill Flagg, both employees of Titello & Associates. The warrants were executed January 27, 1981. Plaintiffs assert the searches and seizures were illegal and un-

constitutional because: the affidavit used for the warrants failed to establish probable cause that the properties to be searched for and to be seized was located at the premises to be searched; that the affidavit failed to establish probable cause that the properties to be searched and the items seized were fruits, instrumentalities or means, and/or evidence of a crime; that the search warrants failed to describe particularly the property to be searched for and seized; that the warrants failed to describe particularly the place to be searched; that the officers searched for and seized property not authorized by the warrant; and, that plaintiffs had a reasonable expectation of privacy as to the offices and property. Plaintiffs advance that they are entitled to possession of all property seized and any copies thereof, and request return to them. Plaintiffs allege an irreparable harm or injury and maintain that they have no adequate remedy at law.

Defendants Nolan Brown, Gallagher, MacFarlane, Charnes, Eller, Robert Brown and Ollila have answered the complaint. Defendants Tooley, United States of America, Miller, Federal Bureau of Investigation, Kazmier, Evans, Internal Revenue Service, Messinger and Jones have moved to dismiss. The issues have been briefed and are now ripe for my determination.

Rule 41(e), F.R.Crim.P. says:

*Motion for Return of Property.* A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted and the property shall be restored and (sic) it shall not be admissible in any hearing or trial. If the motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Based on the information provided me, no indictment, information or criminal charge of any kind has yet been brought against any plaintiff based on this alleged illegal search and seizure.

## DEFENDANT TOOLEY'S MOTION TO DISMISS

Defendant Tooley has moved pursuant to F.R.Civ.P. 7(b)(1) to dismiss the action as to him for failure to state a claim against him. Tooley first states that he is a member of the executive branch of the government "and has no authority with respect to search warrants issued after a judicial finding of probable cause." (Page 2 of the motion) He argues that because he has no connection with any of the allegations of the complaint and does not have possession of any of the seized property, he should be dismissed. Tooley further maintains that the Anti-Injunction Statute, 28 U.S.C. § 2283, bars any interference from this court in any state criminal prosecution, that plaintiffs have failed to show or allege any extraordinary circumstances that might entitle them to injunctive relief, and that because there is an adequate remedy in the Colorado state courts, plaintiffs are not entitled to the federal relief they seek.

Plaintiffs aver that the complaint does state a claim against Tooley and that an action under Rule 41(e) is properly brought against those in possession or control of illegally and unconstitutionally seized property. Plaintiffs argue that in considering a motion to dismiss, the court must take the allegations of the complaint as true, and because they have alleged that Tooley or his subordinates are in possession or control of the property or copies of the property, a claim upon which relief can be granted has been adequately plead and must withstand a motion to dismiss under Rule 12(b)(6). Plaintiffs are correct that if I am to consider materials outside of the pleadings (although none have been submitted), this motion must be converted to one for summary judgment under Rule 56, F.R.Civ.P. *See, Donovan v. Gingerbread House,* 536 F.Supp. 627 (D.Colo.1982) (Kane, J.).

Next, plaintiffs counter that the Anti-Injunction statute argument is inapplicable because they are not seeking to delay, enjoin or interfere with any state criminal proceeding but they seek only specific injunctive relief to return the property if this court determines that it was illegally and unconstitutionally seized, and to prevent the use of this property or its fruits from being used against them in any subsequent civil or criminal proceedings in any state or federal court. Plaintiffs state that they will agree to the dismissal of defendant Tooley if, after some discovery, it cannot be established that Tooley or his subordinates have possession or control of the property or copies of the property.

It is axiomatic that when ruling on a motion to dismiss under Rule 12, the court must accept the allegations of the complaint as true, and that a motion to dismiss for failure to state a claim should be granted only when it is clear that the complaint is without any merit. 2A Moore's Federal Practice, 12.08 (1982).

■ This complaint is not wholly without merit. A cause of action under Rule 41(e) for return of property has been recognized as a valid cause of action in the Tenth Circuit and other federal courts, e.g. *Shaffer v. Wilson,* 523 F.2d 175 (10th Cir.1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1975); *VonderAhe v. Howland,* 508 F.2d 364 (9th Cir.1974); *Jones v. Berry,* 524 F.Supp. 645 (D.C.Ariz.1981). As the Fifth Circuit recognized in *Hunsucker v. Phinney,* 497 F.2d 29, 32 (1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975):

> "A substantial body of precedent establishes that federal district courts have power to order the suppression or return of unlawfully seized property even though no indictment has been returned and thus no criminal prosecution is yet in existence. Though firmly established, this jurisdiction is an exceptional one." (footnote omitted)

The claim against defendant Tooley does not fall for failure to state a claim and the motion to dismiss on that ground is denied.

■ I also reject Tooley's motion based on Title 28 U.S.C. § 2283, the Anti-Injunction Act. Section 2283 prohibits a federal court from interfering with and staying a state court "proceeding." Because there is no state action with which to interfere, this statute is not applicable. As I said earlier, this action is pre-indictment. I recognize the mandate prohibiting my interference with state proceedings under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and others, but at this juncture, there is no state proceeding with which to interfere. The motion to dismiss on this ground is denied.

■ Tooley also argues that plaintiffs have not made the requisite showing of great, irreparable and immediate harm which would entitle them to a permanent injunction. The injunctive relief plaintiffs seek is relief to which they would be entitled should they prevail on the merits and prove that the search and seizure were illegally and unconstitutionally executed. Although plaintiffs must prove irreparable injury to gain the relief they seek, a motion that they have not as yet met this burden is premature. *See, G.M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). There is no injunction sought prior to the entry of a judgment in plaintiff's favor. The motion to dismiss on this ground is denied.

■ Finally, Tooley argues that plaintiffs are entitled to no federal relief because they have an adequate remedy in the state courts. He cites *Tyler v. Russel,* 410 F.2d 490 (10th Cir.1969) in support. *Tyler* was an action filed under 42 U.S.C. § 1983 wherein plaintiff charged that his federal Fourth Amendment rights were violated by the institution of state criminal proceedings against him. The trial court dismissed the action for lack of jurisdiction under 28 U.S.C. § 2283, and the Tenth Circuit affirmed. The facts of *Tyler* are not on point to those here. Relief under Rule 41(e) is, as argued by plaintiffs, within the court's inherent equity powers and as such, there is no adequate remedy at law. *G.M. Leasing*

*Corp., supra; Hunsucker, supra; Jones, supra.* If there were a pending state proceeding, my ruling might be different, but I conclude that these plaintiffs have no adequate state remedy and the motion to dismiss on that ground is denied.

## FEDERAL DEFENDANTS' MOTION TO DISMISS

Defendants United States of America, Robert N. Miller, The Federal Bureau of Investigation, Michael J. Kazmier and Charles T. Evans move to dismiss this action against them for failure to state a claim upon which relief can be granted under F.R.Civ.P. 12(b)(6). These defendants base their motion on the fact that the search warrants were prepared, authorized and executed by state authorities. They admit that some federal agents were involved in the initial investigation.

■ The motion to dismiss is denied based on movant's own assertions at page 2 of their motion where they state:

> "due to the minimal involvement the two FBI agents had regarding this investigation, *the defendants have little or no documents in their possession that are the subject matter of this lawsuit.*" (emphasis added)

An offer to provide copies of these documents to plaintiffs is not enough to justify a motion to dismiss. The action under Rule 41(e) lies against those that have possession of the property or copies of the property.

In addition, these defendants argue that this action should be dismissed because plaintiffs are attempting to relitigate matters that have been previously ruled on by a state court, that the federal law enforcement agencies have an absolute right to investigate possible criminal activity, and that 28 U.S.C. § 2283 bars any federal injunction in a state proceeding. My ruling on the § 2283 issue is the same for these defendants as it was for defendant Tooley and will not be repeated.

Plaintiffs argue that the present action is not an attempt to re-litigate matters that were at issue and were resolved by the state court in a case entitled *Law Offices of Bernard J. Morley v. MacFarlane,* 647 P.2d 1215 (Colo.1982) and contend that only one of seven search warrants was involved in the state case, not all parties that are before this court were involved in that proceeding, and that the issues of the state case (the question of the crime-fraud exception to the attorney-client privilege and the work product doctrine) are not the same issues as in this case (the sufficiency or accuracy of the affidavit, the validity of the search warrants and the manner in which the search warrants were executed).

■ The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. To bar a claim under res judicata, four questions must be answered in the affirmative: (1) Was the issue decided in the prior adjudication identical with the one presented in the instant action? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? and, (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue? *Bernhard v. Bank of America,* 19 Cal.2d 807, 813, 122 P.2d 892 (1942); *Blonder-Tongue Lab, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 1440, 28 L.Ed.2d 788 (1971); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). It is clear from the opinion in the *Law Offices of Bernard Morley* case that the parties in that suit and the parties in this action are not identical, the issues were not identical and there was no opportunity to be heard on the issues involved in the present case in the state court action. *See,* 647 P.2d at 1233. Defendant's motion to dismiss the action because of res judicata is denied.

■ Finally, these defendants argue that federal law enforcement agencies have an absolute right to investigate possible criminal activity and, because they have a continuing interest in the property, a "motion for return of the property will be una-

vailable." (Defendants' motion at page 3) The government cites *United States v. Francis,* 646 F.2d 251 (6th Cir.1981) and *United States v. Francis,* 646 F.2d 251 (6th Cir.1981) and *United States v. Premises Known as 609 Taylor Avenue,* 584 F.2d 1297 (3rd Cir.1978) in support. While *Francis* was brought under Rule 41(e), the motion was raised post-trial and post-conviction. *609 Taylor Ave.* dealt with a situation where the defendant stipulated that the search and seizure of the property were reasonable and legal. These cases are inapplicable to the instant action. While the government is clearly permitted to seize evidence for use in investigations and trial, *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), and may be permitted to hold property for a reasonable amount of time before prosecuting or bringing other action, *Shea v. Gabriel,* 520 F.2d 879 (1st Cir.1975), illegally seized property will not be admissible in any trial or proceeding under the Fourth Amendment prohibition. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, *reh. den.* 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971); *U.S. v. Cruz,* 581 F.2d 535 (5th Cir.1978) *reh. den.* 587 F.2d 277. The government's "continuing interest" argument is rejected and the motion to dismiss on this ground is denied.

## DEFENDANT IRS' MOTION TO DISMISS

Defendants Internal Revenue Service, David P. Messinger, Special Agent, and Martin Jones, Special Agent have also moved to dismiss this action under Rule 12(b), F.R.Civ.P. for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. Defendants first argue that plaintiffs have failed to

"state with any degree of specificity the acts, deeds, or other conduct by the Internal Revenue Service or its employees

which warrants this Court to issue a permanent injunction. We submit that the complaint and attachments thereto clearly reveal that neither the Internal Revenue Service nor its employees were involved in any alleged illegal search or seizure which would warrant the harsh remedy prayed for." (Page 2, motion to dismiss)

Defendants argue that the Anti-Injunction Act of Title 26 U.S.C. § 7421[1] in support of their motion. The IRS defendants also seek to relieve themselves from any liability by arguing their lack of participation in the execution of the warrants, the search and the investigation(s) that preceded them. Plaintiffs assert that any lack of specificity in their pleading has been caused by a lack of cooperation by the IRS and state their willingness to amend the complaint if I determine the allegations to be too unspecific and vague.

 My ruling is the same as it was on the previous two motions: based on the allegations of the complaint, plaintiffs have sufficiently plead a cause of action against the IRS defendants. In their motion, the IRS says:

"any documents which *may* be in the possession of the Internal Revenue Service presumably were obtained from the FBI or SCAT after they had finished their investigation of plaintiffs."

The issue of the IRS's participation or nonparticipation in the investigation is irrelevant to this action under Rule 41(e), and the motion is denied on this ground. I disagree that the main thrust of this suit is to restrain the IRS from making potential tax assessments against plaintiffs. That course of action would be barred under 26 U.S.C. § 7421. Plaintiffs are seeking return of allegedly illegally seized documents whether they are in the hands of state or federal officers and agencies, including any that may be in the hands of the IRS.

1. 26 U.S.C. § 7421 provides in part:

(a) *Tax.* Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

IT IS ORDERED that all motions to dismiss on all grounds are denied. All defendants shall file their answers within 15 days of the date of this order.