**Barbara Landers BISHOP, Plaintiff,**

v.

**INDIANA TECHNICAL VOCATIONAL COLLEGE, Dr. Ernest Jones, and Dr. Hans Kuss, Defendants.**

**No. H 90–253.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 13, 1990.

Barbara Landers Bishop, pro se.

ORDER

MOODY, District Judge.

This matter is before the court on a Petition and Affidavit to Proceed Without Pre–Payment of Costs and Fees ("Petition"), filed on August 6, 1990, by plaintiff. By this motion, plaintiff seeks to file, without prepayment of fees, a claim for damages under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915(d), the court must make two factual determinations before allowing a cause of action to proceed *in forma pauperis.* First, the court must find that the prospective litigant is indigent. Second, the court must find the action is neither frivolous nor malicious. *Smith–Bey v. Hospital Adm'r,* 841 F.2d 751, 757 (7th Cir.1988).

Because the court finds that this action is entirely frivolous, there is no need to consider petitioner's alleged indigency.

By her Complaint Under the Civil Rights Act, received on July 16, 1990, petitioner seeks damages. Petitioner alleges that she received an inferior educational experience from defendants, who provide vocational instruction. Petitioner argues that defendants should, therefore, compensate her to the tune of nearly $80,000.

Petitioner cites no law, arguing only that the defendants interfered with her "Right to the Pursuit of Happiness." The complaint reveals no hint of impermissible discrimination in the allegedly deficient instruction she received. Rather, the complaint shows that petitioner's complaint is directed at what she perceives as general incompetence affecting all of defendants' students.

Petitioner asserts a theory of educational malpractice. By complaining in federal court under § 1983, moreover, she seeks to make the alleged tort of educational malpractice into a constitutional violation.

 

This she cannot do, whatever the merits of her malpractice claim.

Section 1983 requires, in part, that plaintiffs be deprived of "rights, privileges, or immunities secured by the Constitution and laws...." Educational malpractice, without more, is simply not a constitutional deprivation under § 1983. This is made clear by analogous federal cases. It is well-settled that simple medical malpractice is not a constitutional deprivation under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Kelly v. McGinnis, et al.*, 899 F.2d 612, 616 (7th Cir.1990) (per curiam); *Dixon v. Pitchford*, 843 F.2d 268, 269 (7th Cir. 1988); *Williams v. Duckworth, et al.*, 598 F.Supp. 9, 14-15 (N.D.Ind.1983) (Sharp, C.J.) (collecting cases). Similarly, legal malpractice in a civil action is not a constitutional deprivation under § 1983. *Hutcherson v. Smith*, 908 F.2d 243 (7th Cir.1990).

The Supreme Court has stated unequivocally that the due process clause of the fourteenth amendment "does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago County*, 489 U.S. 189, 109 S.Ct. 998, 1007, 103 L.Ed.2d 249 (1989) (collecting cases). That principle controls the case at bar. This court holds that educational malpractice is a matter of state law * that does not, by itself, deprive its victims of their constitutional rights.

Neither does the tort of educational malpractice attain constitutional significance if one characterizes it as a breach of contract. Simple breach of contract, like medical malpractice, is not a constitutional deprivation under § 1983. *Manila Investment Co. v. Trammell*, 239 U.S. 31, 36 S.Ct. 12, 60 L.Ed. 129 (1915); *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766 (7th Cir. 1985).

The court FINDS the allegations in the complaint show an arguable claim is indisputably absent, and the deficiencies in the complaint cannot be cured by amendment. Thus, petitioner has no cognizable claim under § 1983. Plaintiff's Petition is DENIED, and the Complaint is DISMISSED with prejudice. 28 U.S.C. § 1915(d); *Smith-Bey*.

---

* For a cogent discussion of educational malpractice as a matter of state tort law, see *Ross v. Creighton Univ.*, 740 F.Supp. 1319 (N.D.Ill.1990) (refusing to recognize the tort under Illinois law).