**Tommie D. WHAYNE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION, Defendant.**

**Civil A. No. 95–4150–DES.**

United States District Court,
D. Kansas.

Jan. 11, 1996.

Tommie Dorsey Whayne, Topeka, KS, pro se.

Melanie D. Caro, Office of United States Attorney, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the defendant's motion to dismiss (Doc. 5).

### I. BACKGROUND

On September 27, 1984, the plaintiff borrowed $2,500 from Merchants National Bank in Topeka, Kansas, to enroll at National Career College ("NCC"). The plaintiff's loan was guaranteed by the Higher Education Assistance Foundation ("HEAF"), which in turn reinsured the loan with the United States Department of Education ("DOE"). The defendant asserts that the plaintiff has been in default on his loan obligation since August 25, 1986. According to the defendant, HEAF assigned the loan to DOE on June 8, 1993.

Mr. Whayne alleges that the defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by harassing and threatening him in its attempts to collect on the student loan. The plaintiff also asserts that he should not be required to pay back his loan, because he derived no benefit from his education. Specifically, the plaintiff claims that NCC did not properly train him in electronics. The plaintiff seeks an injunction against the DOE, requesting that the defendant be enjoined from further collection efforts.

## II. DISCUSSION

### A. Fair Debt Collection Practices Act

The plaintiff asserts that the defendant has violated the FDCPA, 15 U.S.C. § 1692d, in its attempt to collect on the plaintiff's student loan. Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The plaintiff seeks $500,000 or one percent of the defendant's net worth in damages, plus interest.

First, the plaintiff's damages under the FDCPA are limited to actual damages sustained as a result of a debt collector's failure to comply with the Act, plus statutory damages not exceeding $1,000. 15 U.S.C. § 1692k(a)(1)–(2)(A). Mr. Whayne does not allege any actual damages, so the plaintiff's damages would be limited under the FDCPA to $1,000. Statutory damages in the amount which the plaintiff seeks are only available in class actions. 15 U.S.C. § 1692k(a)(2)(B).

Mr. Whayne is not entitled to any damages, however, because the FDCPA's one-year statute of limitation had expired at the time he filed suit on September 15, 1995. 15 U.S.C. § 1692k(d). In his complaint, the plaintiff alleges that various entities, including the Department of Education Collection Agency, contacted him in June, July, and August of 1995, demanding payment on his defaulted student loan. The FDCPA, however, does not prohibit a debt collector from merely attempting to collect on a debt. Nor are threats to take legal action or to report a debtor to credit agencies actionable, unless the action threatened cannot legally be taken, is not intended to be taken, or involves the communication of false information. 15 U.S.C. § 1692e(5), (8). The only conduct which the plaintiff describes that could possibly be considered harassment under § 1692d occurred on August 1, 1988, when an unidentified man called the plaintiff repeatedly demanding payment. When a plaintiff does not file suit under the FDCPA until more than one year after the alleged violation occurred, however, the court is without jurisdiction to consider the claim. *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 260

(8th Cir.1992). We therefore dismiss the plaintiff's FDCPA claim for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

### B. Injunctive relief

Mr. Whayne also seeks an injunction against the DOE, enjoining the defendant from making further attempts to collect on the plaintiff's student loan. The plaintiff cites *Lowrie v. United States*, 558 F.Supp. 1029 (D.Colo.1983), in which the court held that the plaintiffs would be entitled to an injunction against the Federal Bureau of Investigation and/or the Internal Revenue Service, if the plaintiffs could show that they had been subjected to an illegal and unconstitutional search and seizure. *Id.* at 1032.

*Lowrie* is inapposite, however, in that the plaintiffs in *Lowrie* sought a return of property under Fed.R.Crim.P. 41(e). The applicable law in this case is found at 20 U.S.C. § 1082(a)(2), which provides that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary [of Education] or property under the Secretary's control." In *Thomas v. Bennett*, 856 F.2d 1165 (8th Cir. 1988), the plaintiff sought an injunction against the Secretary of Education to prevent the Secretary from requesting that any income tax refund due the plaintiff be offset against arrearages on her student loan. *Id.* at 1166. The court held that § 1082(a)(2) prohibited the plaintiff's claim for injunctive relief. *Id.* at 1168. Section 1082(a)(2) therefore requires that we dismiss the plaintiff's claim for injunctive relief under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### C. Educational malpractice

Mr. Whayne contends that he should not be responsible for repaying his student loan because he did not benefit from it. The plaintiff states that he applied for an "electronic technical" job in July 1988. The plaintiff alleges that he did not pass the written test for the job because NCC had not properly trained him.

Although the plaintiff characterizes his claim as a breach of contract action, Mr.

Whayne's complaint more accurately represents an allegation of educational malpractice. In *Ross v. Creighton Univ.*, 957 F.2d 410 (7th Cir.1992), the court barred the plaintiff's attempt to repackage an educational malpractice claim as a contract claim. *Id.* at 416. The court held that "[t]o state a claim for breach of contract, the plaintiff must do more than simply allege that the education was not good enough. Instead, he must point to an identifiable contractual promise that the defendant failed to honor." *Id.* at 416–17.

Educational malpractice is a matter of state law. *Bishop v. Indiana Technical Vocational College*, 742 F.Supp. 524, 525 (N.D.Ind.1990). Kansas, along with the overwhelming majority of courts that have considered the question, has rejected educational malpractice as a cause of action. *Finstad v. Washburn Univ.*, 252 Kan. 465, 845 P.2d 685, 693–94 (1993). Assuming, therefore, that the DOE could somehow be vicariously liable for the actions of NCC, the plaintiff's claim of educational malpractice must still fail.

The plaintiff's claim that he did not benefit from his education at NCC, whether denominated as educational malpractice or some other tort, must also fail for the plaintiff's failure to exhaust his administrative remedies. The Federal Tort Claims Act, 28 U.S.C. § 2675(a), provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ...", unless the claimant shall have first presented the claim to the appropriate Federal agency." The plaintiff admits that he has not presented his claims through administrative proceedings.

### D.  *Other claims*

The plaintiff asserts that his suit arises under the First, Thirteenth, and Fourteenth Amendments to the United States Constitution, the Kansas Act Against Discrimination ("KAAD"), Kan.Stat.Ann. § 44–1001 *et seq.*, and 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 2000e. Educational malpractice, however, does not constitute a constitutional violation. *Bishop*, 742 F.Supp. at 525.

Furthermore, the plaintiff's petition fails to show any discrimination on the basis of race, color, religion, national origin, or sex, and contains no specific factual allegations of conspiracy. Such deficiencies preclude recovery under any of the federal civil rights statutes that the plaintiff invokes. *Uston v. Airport Casino, Inc.*, 564 F.2d 1216, 1217 (9th Cir. 1977). Finally, the plaintiff's failure to file a charge with the Kansas Commission on Civil Rights precludes suit under the KAAD. Kan.Stat.Ann. § 44–1005(i); *Laughinghouse v. Risser*, 754 F.Supp. 836, 842 (D.Kan.1990).

For the foregoing reasons, the plaintiff has failed to state a claim upon which relief can be granted, and dismissal is therefore proper. Fed.R.Civ.P. 12(b)(6).

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's motion to dismiss (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that all of the plaintiff's outstanding motions in this matter are denied as moot.