**Santos GOMEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–161–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

Barry Evan Jones, Vanberg & Flores, Mercedes, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

Appellant was charged with the offense of theft of food stamps. Appellant filed a motion to quash the indictment. After the trial court heard and overruled the motion, appellant pled guilty. The trial court then assessed appellant's punishment at imprisonment for three years, probated for three years. The trial court also ordered appellant to pay restitution of $1236.00, attorney's fees of $150.00 and $15.00 per month in supervisory fees. Appellant in this ap-

peal does not challenge the sufficiency of the evidence. We affirm.

Appellant's sole ground of error asserts that the trial court incorrectly overruled appellant's motion to quash and dismiss the indictment because the indictment charged appellant with an offense under § 31.03 of the Texas Penal Code rather than § 33.011 of the Texas Human Resources Code. Appellant argues that the Texas Human Resources Code is comprehensive and specifically governs the alleged offense.

TEX.HUM.RES.CODE ANN. § 33.011 (Vernon 1980) was passed in 1977 (S.B. No. 87 Acts 1977, 65th Leg. p. 188, ch. 96) and specifically governs offenses such as improperly using, altering, transferring and possessing food stamp coupons by providing:

"(a) A person commits an offense if the person knowingly uses, alters, or transfers food stamp coupons or authorizations to participate in the food stamp program in any manner not authorized by law. An offense under this subsection is a Class A misdemeanor if the value of the coupons or authorization cards is less than $200 and a felony of the third degree if the value of the coupons or authorization cards is $200 or more.

(b) A person commits an offense if the person knowingly possesses food stamp coupons or authorizations to participate in the food stamp program when not authorized by law to possess them, knowingly redeems food stamp coupons when not authorized by law to redeem them, or knowingly redeems food stamp coupons for purposes not authorized by law. An offense under this subsection is a Class A misdemeanor if the value of the coupons or authorization cards is less than $200 and a felony of the third degree if the value of the coupons or cards is $200 or more.

(c) A person commits an offense if the person knowingly possesses blank authorizations to participate in the food stamp program when not authorized by law to possess them. An offense under this subsection is a felony of the third degree."

Tex.Penal Code Ann. § 31.03 (Vernon Supp. 1982–1983) provides:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

Generally, an accused should be charged under the specific statute when his conduct is proscribed under a general and a specific statute and both statutes have the same general purpose. *Tawfik v. State,* 643 S.W.2d 127, 128 (Tex.Cr.App.1982). But, TEX.HUM.RES.CODE ANN. § 33.011 (Vernon 1980) speaks strictly in terms of unauthorized use, alteration or transfer in section (a), and of unauthorized possession of either food stamps or authorization to participate in the program in sections (b) and (c). This statute does not specifically refer to unlawfully obtaining food stamps.

*Ex parte Mangrum,* 564 S.W.2d 751, 756 (Tex.Cr.App.1978), resolved the question of whether the specificity of § 33.011 of the Human Resources Code bars prosecution under the Texas Penal Code. *Mangrum* discussed the applicability of the Public Welfare Act to the prosecution of welfare fraud and found that conduct occurring after May 25, 1977 (the effective date of Senate Bill 154, Acts 1977 65th Leg., p. 637, ch. 235, effective May 25, 1977), formerly denounced as welfare fraud is properly chargeable under the theft provisions of TEX.PENAL CODE ANN. § 31.03 (Vernon 1974).

In that case, Ms. Mangrum was charged under art. 695c, § 34, dealing with unlawful obtaining of assistance. In 1977, however, the Legislature passed Senate Bill 154 which amended art. 695c, § 34. Ms. Mangrum argued that since the new bill repealed § 34 as applied to her case, there was no statute that she violated. The Court of Criminal Appeals concluded the contrary

holding that the effect of Senate Bill 154 was to render offenses deleted by the amendment chargeable as thefts under the Penal Code. *Mangrum* at 752–53. The *Mangrum* situation of repeal of the prior specific statute rendering the general theft law applicable is no different from the situation in the instant case where there was never a specific statute dealing with unlawful obtaining of the food stamps.

Appellant argues that *Mangrum* does not apply because it is an Aid to Families with Dependent Children case. The general principle applies, however, to the present situation. Both cases deal with reconciling general and specific statutes when the specific statute does not regulate appellant's alleged violation. Appellant urges that *Mangrum* is overly broad and based upon unsound reasoning. We disagree. Appellant has also cited cases where the general and specific statutes contain an irreconcilable conflict. This situation does not exist in the present case. The ground of error is overruled.

The judgment of the trial court is affirmed.