James **HEARN**, et al., Plaintiffs,

v.

**INTERNAL REVENUE AGENTS**, et al., Defendants.

Civ. A. No. 3–84–0820–H.

United States District Court,
N.D. Texas;
Dallas Division.

Oct. 9, 1984.

Merle R. Flagg, Dallas, Tex., Donald W. MacPherson, Phoenix, Ariz., for plaintiffs.

Louise P. Hytken, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiffs' Application for a Preliminary Injunction, filed July 31, 1984. A hearing was held on the Application September 26, 1984, with counsel for both sides presenting evidence.

### Factual Background

This matter concerns a search by a team of Internal Revenue Service agents of the

premises of Plaintiff Worldwide Capital Management Corporation, a tax shelter planning consultant, on May 8, 1984, and the seizure of a large quantity of documents. Plaintiffs [1] have raised several constitutional objections to the search. These protests include:

1. that the warrant was not supported by probable cause;

2. that the warrant was a general warrant and defective on its face;

3. that the warrant was improperly executed because the supporting affidavits were not supplied to Plaintiffs prior to and during the search; and

4. that items were seized that were beyond the scope of the warrant.

Plaintiffs are seeking an order compelling return of all of the seized documents and an injunction against the I.R.S. preventing any future use of the information gathered in the search.

### Jurisdiction

Defendants have hinged their presentation to this Court on the issue of subject matter jurisdiction. They contend that a showing of "callous disregard of the rights of the taxpayer" is required to invoke the "anomalous jurisdiction" of a federal district court to order the return of property unlawfully seized by federal officers, following *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir.1975).

The Fifth Circuit has most recently analyzed the haze surrounding "anomalous jurisdiction" in *Linn v. Chivatero*, 714 F.2d 1278 (5th Cir.1983). The Court observed that the continued vitality of the doctrine was questionable in the face of the repeal of the amount-in-controversy requirement for federal jurisdiction. While Judge Clark, concurring, urged the doctrine to be explicitly put to rest, the majority avoided the final determination by finding that jurisdiction was appropriate under routine 28

U.S.C. § 1331 provisions by virtue of the fourth amendment claims. 714 F.2d at 1281. Given this result, anomalous jurisdiction exists only as a theoretical construct for jurisdictional trivia fans and does not present a heightened threshold to the entertaining of this case. This Court has jurisdiction under 28 U.S.C. § 1331.

### The Anti-Injunction Act

The next sequential issue is whether the Anti-Injunction Act, 26 U.S.C. § 7421(a) (Supp. V 1981), precludes the Court from entertaining the suit.

Plaintiffs are seeking an injunction barring Defendants from making any use of the property illegally searched and seized in any future civil or criminal proceedings. The Act states:

... No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The principal purpose of the Act is to protect the Government's "need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement interference, and to require that the legal right to the disputed sums be determined in a suit for refund. *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)). In *Linn*, the Court instructed that the Act was to be interpreted broadly: it is applicable not only to the assessment and collection of taxes, but to "activities which are intended to or may culminate in the assessment or collection of taxes" as well.[2]

The casting of the lawsuit in constitutional terms does not necessarily evade the talons of the Act. The inquiry is

---

1. It will be assumed that Plaintiffs Hearn and Williams possess the requisite standing. The facts were not adduced at the hearing, but the pleadings contain sufficient allegations.

2. The Act is applicable even where, as here, the injunction is sought by a third party rather than the taxpayer. *Educo, Inc. v. Alexander,* 557 F.2d 617 (7th Cir.1977).

whether the "primary purpose" of the suit is to recover the property, irrespective of the involvement of the IRS agents, or whether it is a suit to restrain the collection of information that would aid in the assessment of taxes.

■ In the opinion of the Court, this action is both. Much of Plaintiffs' arguments are concerned with the tenability of the seizure under the fourth amendment. The procedural posture of the case argues to the contrary. This is a preliminary injunction application. The Government, per order of this Court, has returned copies of all of the material seized to the Plaintiffs. Plaintiffs' purpose in pursuing this injunction at this time is solely to prevent the use of the information in the IRS investigation that may culminate in the assessment of tax liability. *See Linn*, 714 F.2d at 1283 (Clark, J., concurring); *Black v. United States*, 534 F.2d 524, 526 (2d Cir.1976) (". . . [I]t is obvious that if the IRS is enjoined from continuing its investigation, it will be hindered in its efforts to uncover, correct and remedy improper deductions. It is precisely this kind of interference which the Anti-Injunction Act is designed to prevent"; Plaintiffs asserted fourth and fifth amendment violations). *But cf. Lowrie v. United States*, 558 F.Supp. 1029, 1034 (D.Colo. 1983).

The next step in the analysis is the determination of whether the *Enochs* exception to the Anti-Injunction Act is applicable. First, it must be clear that *under no circumstances* could the Government ultimately prevail. Second, equity jurisdiction must otherwise exist. Plaintiffs must prove that they will suffer irreparable injury for which no legal remedy is adequate. If both prongs are met, then despite the Anti-Injunction Act, the court may grant the requested injunctive relief.

The analysis under the first prong requires a fourth amendment inquiry under "the most liberal view of the law and the facts." If there is a tenable argument for the legitimacy of the search, the requested relief must be denied.

*1. Probable cause to support the warrant.*

■ Finely tuned standards such as proof beyond a reasonable doubt or by preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision. It is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983), *rehearing denied*, ―― U.S. ――, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). Reasonable minds may differ on the question whether a particular affidavit establishes probable cause; great deference should be accorded a magistrate's determination. *United States v. Leon*, ―― U.S. ――, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984). This deference, however, is not boundless. A reviewing court should not defer to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." *Gates*, 103 S.Ct. at 2332.

■ On this issue, the Court finds that the Government is likely to prevail. The issuance of the warrant was supported by 71 pages of sworn affidavits, discussing in elaborate depth the nature of the suspected criminal activity and containing a particularized enumeration of the materials relevant to the schemes. Given the flexibility of the probable cause standard, the required deference, and the Magistrate's opportunity to question Affiant Kunze, it cannot be said that the warrant was void for lack of probable cause.[3] *See Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 959 (3rd Cir., 1984).

*2. Search warrant as general warrant.*

Plaintiffs claim that the warrant as issued constituted a general warrant that did not describe the documents to be seized with sufficient particularity to satisfy the fourth amendment. Specifically, Plaintiffs

---

**3.** Even if no probable cause existed, suppression would not necessarily follow, and, thus, neither would Plaintiffs' requested relief. *See Leon* at 3421.

contend, the warrant authorized the seizure of all records reflecting all credit card transactions and all client files without a necessary link to any suspected illegal activity.

■ The Government is again certainly not without an argument to validate the warrant. The warrant did apparently contemplate the seizure of all client files. This objective, however, does not render it general and defective. No discretion is left to the executing officer in deciding which files to seize, or what constitutes client files. *See Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927).

There is ample support in the case law for what the Court assumes the Government's position would be. *See Klitzman* at 960 (warrant authorizing search of *all* client files was particular); *United States v. Offices known as 50 State Distributing Co.*, 708 F.2d 1371, 1374–75 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1272, 79 L.Ed.2d 677 (1984), (all business records of firm may be seized, if accurately described, if there is probable cause of a pervasive scheme to defraud and suspected records not segregable; distinguishes *Application of Lafayette Academy*, 610 F.2d 1 (1st Cir.1979), relied on by Plaintiffs here, as involving suspected wrongdoing pertaining only to small segments of business searched); *United States v. Dennis*, 625 F.2d 782, 792 (8th Cir.1980) (upholding warrant calling for seizure of "certain books or records relating to the extortionate credit transaction business"); *United States v. Brien*, 617 F.2d 299, 306 (1st Cir.1980), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980) (all records can be seized if affidavits could justify belief that all documents were likely to constitute evidence); *United States v. Abrams*, 615 F.2d 541, 544 (1st Cir.1980) (seizing all records

acceptable if warrant directed it, not acceptable if decision of seizing agents).[4]

■ The affidavits supporting the warrant describe pervasive schemes manifested in various forms and disguises. It is not impossible to surmise that all client files or foreign-related credit card transactions were likely to contain evidence of wrongdoing. Whether or not upon subsequent examination and investigation that surmise was correct is immaterial; the warrant authorizing their seizure is not to be judged with the greater clarity of hindsight. *See U.S. v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).

*3. Contemporaneous Service of Affidavit with Warrant.*

Plaintiffs maintain that the search was invalid because copies of the referenced affidavits were not delivered to them before the search commenced. It is unclear what, if any, benefit would accrue to Plaintiffs from having immediate possession of the affidavits; certainly it would not grant them authority to obstruct the progress of the search by disputing the coverage of various items by the warrant.

■ It is clear that the fourth amendment requires some sort of notice of a search warrant. *Berger v. New York*, 388 U.S. 41, 60, 87 S.Ct. 1873, 1884, 18 L.Ed.2d 1040 (1967). The "sound practice" is to require the issuing Magistrate to annex the affidavit to the warrant and to deliver both at the time of search. *United States v. Thompson*, 495 F.2d 165, 170 n. 4 (D.C.Cir.1974).[5] But even a failure to deliver a copy of the *warrant* to the party whose premises were searched until a day after the search does not invalidate a search in the absence of a showing of prejudice. *United States v. Marx*, 635 F.2d 436, 441 (5th Cir.1981); *United States v.*

---

4. Even if portions of the warrant were not sufficiently particular, the entire warrant is not void. *United States v. Cook*, 657 F.2d 730, 735 (5th Cir.1981). It is also unclear to what extent any of this constitutes a fourth amendment violation after *Massachusetts v. Sheppard*, —— U.S. ——, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984).

5. If it was the Magistrate who failed to attach the affidavit, exclusion of the evidence would not necessarily follow. *Massachusetts v. Sheppard*, —— U.S. ——, 104 U.S. 3424, 82 L.Ed.2d 737 (1984).

*Cafero,* 473 F.2d 489, 499 (3d Cir.1973), *cert. denied,* 417 U.S. 918, 94 S.Ct. 2622, 41 L.Ed.2d 223 (1974); *United States v. McKenzie,* 446 F.2d 949, 954 (6th Cir.1971). In order to show prejudice in this context, Plaintiffs must show that they were subjected to a search that might not have occurred or would not have been so abrasive had [Rule 41(d), Fed.R.Crim.P.] been followed. *United States v. Marx,* 635 F.2d at 441; *United States v. Burke,* 517 F.2d 377, 386 (2d Cir.1975).

In light of this legal framework, it would be baseless to conclude that under no circumstances could the Government prevail on this point.

*4. Overbreadth of search.*

▆▆ Plaintiffs contend that material was seized beyond even the broadest reading of the warrant, including the now-notorious Connoisseur's Guide to Cigar Smoking, literature concerning quarterhorses and Plaintiff Williams' enumeration of personal goals for the year 1984 for each member of his family. The Court has no difficulty agreeing with Plaintiffs that personal materials such as these were improperly seized. Indeed, the Government agrees, and has returned to Plaintiffs all of the originals of what it believes to be personal material. The overbreadth of the seizure, however, does not compel the return of items clearly or arguably within the scope of the warrant. *Scott v. United States,* 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); *United States v. Cook,* 657 F.2d 730, 735 n. 5 (5th Cir.1981), *reh. denied,* 664 F.2d 289 (5th Cir.1981).

▆▆ If Plaintiffs have reason to believe that the Government is in possession of original materials personal in nature and not subject to the warrant, they may make an application to the Court describing such items and from where they were seized. This is a non-tax aspect of the case from which the Court is not barred from acting. *Linn,* 714 F.2d at 1285.

Plaintiffs are also seeking a determination from this Court that certain of the files involve clients whose complex "tax planning" activities do not involve any po-

tentially illegal offshore activities. That is a determination that can only be made after the completion of the investigative process. For now, the Court only finds that under the most liberal view of the law and facts, it cannot be said the Government cannot possibly prevail on the question of whether all client files were covered under the warrant.

Lest one has forgotten the point of this fourth amendment odyssey, the Court concludes that Plaintiffs have not satisfied the first prong of the *Enochs* exception to the Anti-Injunction Act. This is not to suggest that Plaintiffs' concerns and contentions are frivolous. It is merely that this Court finds mandatory or injunctive relief is inappropriate at this stage of the tax collection and investigation process.

> The reluctance of most courts to issue anticipatory relief in the nature of a request for suppression of evidence relates to the desirability of letting the administrative process run its course, particularly when the matter is merely at the investigatory stage. If the evidence in question were solely to be used in a civil action, suppressing such evidence by injunction would run afoul of the clearly expressed congressional policy that courts should not intervene in the tax collection process. *See Brittingham v. Commissioner,* 451 F.2d 315 (5th Cir. 1971); 26 U.S.C. § 7421. [T]he recent tax record cases indicate that fourth amendment claims should not be used to prevent investigative institutions from determining whether there is cause to believe that violations of the law have occurred.

*Kelley v. Godbout,* 379 F.Supp. 532, 536 (N.D.Ga.1974).

Accordingly, this Court is of the opinion that all requested relief should be, and hereby is, **DENIED.**

SO ORDERED.