**Bobbie Lee ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–00668–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 7, 1986.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., and James C. Brough, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and HOYT and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

ASHWORTH, Justice (Retired, Sitting by Assignment).

A jury found appellant guilty of theft of over $20,000.00 and assessed his punishment at 10 years confinement and a $10,-000 dollar fine.

Judgment affirmed.

The instant case involves a number of different instances in which appellant and his associates, who worked under his direction, falsified the credit records of various individuals so that General Motors Acceptance Corporation (GMAC), Chrysler Credit Corporation, and Citicorp Acceptance Corporation made loans they would not have made had they received true credit information. In some instances appellant accepted fees representing that he would assist persons in improving their credit, but instead did nothing.

Appellant's first ground of error alleges that the trial court incorrectly overruled his motion to quash the indictment, because the indictment charged him with theft under Tex.Penal Code Ann. sec. 31.03 (Vernon 1985), rather than with making a false statement to obtain property or credit under Tex.Penal Code Ann. sec. 32.32 (Vernon 1974).

Appellant relies on the holdings in *Ex parte Harrell*, 542 S.W.2d 169, 171–173 (Tex.Crim.App.1976) and its progeny holding that where the same conduct is prohibited by both a general statute and a specific statute, and both statutes have the same general purpose, the defendant should be charged under the specific statute. *See also Williams v. State*, 641 S.W.2d 236, 238 (Tex.Crim.App.1982); *Jones v. State*, 552 S.W.2d 836, 837 (Tex.Crim.App.1977).

The holding in *Ex parte Harrell* is based on the rule of statutory construction codified in Tex.Gov't Code Ann. sec. 311.026 (Vernon 1985), formerly Tex.Rev.Civ.Stat. Ann. art. 5429b–2, sec. 3.06, which provides:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

This statute is made applicable to criminal cases through Tex.Penal Code Ann. sec. 1.05(b) (Vernon 1985).

The general theft statute, Tex.Penal Code Ann. sec. 31.03 (Vernon 1985), provides in pertinent part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;

. . . .

(e) Except as provided by Subsection (f) of this section, an offense under this section is:

(5) a felony of the second degree if:

(B) the value of the property stolen is $20,000 or more; . . .

Tex.Penal Code Ann. sec. 32.32 (Vernon 1974) provides:

(a) For purposes of this section, "credit" includes:

(1) a loan of money;

(2) furnishing property or service on credit;

(3) extending the due date of an obligation;

(4) comaking, endorsing, or guaranteeing a note or other instrument for obtaining credit;

(5) a line or letter of credit; and

(6) a credit card, as defined in Section 32.31 of this code (Credit Card Abuse).

(b) A person commits an offense if he intentionally or knowingly makes a materially false or misleading written statement to obtain property or credit for himself or another.

(c) An offense under this section is a Class A misdemeanor.

The practice commentary of Section 32.-32 indicates that Section 32.32 and Section 31.03 are separate offenses: "It is not an element of the offense that the property or credit be obtained; if it is obtained there may be theft under Chapter 31." (Compare with the practice commentary of Tex. Penal Code Ann. sec. 32.31 (Vernon 1974) which recognizes that a violation of Sections 32.31(b)(1) and (11) is also theft under Section 31.03).

■ The rule of construction that the specific statute controls over the general applies only if there is a conflict between two statutes that are in *pari materia,* i.e., when both statutes cover the offense involved. *McMillan v. State,* 696 S.W.2d 584, 586 (Tex.App.—Dallas 1984, no pet.); *Garcia v. State,* 669 S.W.2d 169, 171 (Tex. App.—Dallas 1984, no pet.); *See Ex parte Harrell,* 542 S.W.2d at 173.

■ In the instant case, the actions of appellant fall within the proscriptions of Section 32.32—he made false statements to obtain credit for another; however his actions also fall within the proscriptions of Section 31.03—the false statements resulted in the extension of credit and subsequent disbursement of funds (formerly described as theft by false pretenses).

We hold Sections 32.32 and 31.03 of the Penal Code are not in conflict and do not prohibit the same conduct; the statutes are not in *pari materia,* and the indictment under Section 31.03 was proper. *Cf. Gomez v. State,* 663 S.W.2d 662, 663 (Tex. App.—Corpus Christi 1983, no pet.).

Appellant's first ground of error is overruled.

■ Appellant's second, third, and fourth grounds allege the trial court erred in overruling his motion to suppress certain evidence on the following grounds: (1) that the affidavit upon which the warrant was issued did not contain sufficient facts to show probable cause existed for issuance of the warrant; (2) that the affidavit did not state sufficient facts to show any wrongdoing on the part of appellant or tie appellant to the wrongdoing of other individuals named in the affidavit; (3) that the warrant and supporting affidavit fail to meet the requirements of specificity set out in Tex.Code Crim.P.Ann secs. 18.01—18.02 (Vernon 1981).

Appellant fails to state what evidence, if any, was obtained incident to the alleged unlawful arrest. He further fails to state what evidence, if any, was introduced at trial that was obtained incident to the alleged unlawful arrest.

■ A reversal of the judgment is necessary when fruits of a search and seizure made incident to an unlawful arrest are admitted over a proper objection; but an unlawful arrest itself does not necessarily require the reversal of a judgment of conviction. *Keen v. State*, 626 S.W.2d 309, 314 (Tex.Crim.App.1981); *Johnson v. State*, 548 S.W.2d 700, 706 (Tex.Crim.App.1977).

Under the circumstances of this case, no error is shown or presented for review. *See Stiggers v. State*, 506 S.W.2d 609, 611 (Tex.Crim.App.1974).

Appellant's second, third, and fourth grounds of error are overruled.

Appellant's fifth ground alleges that the trial court erred in overruling his motion to suppress and in admitting certain items into evidence that were allegedly illegally seized because they were outside the permitted scope of the search warrant.

Specifically, appellant complains of the admission of State's exhibits nos. 3, 4, 5, and 6, namely, a log book, a guest book, a credit verification log, and an employee status book. Appellant claims that these exhibits significantly contributed to the State's case.

Appellant's argument, by attacking the discretion exercised by the executing officers under the search warrant, concomitantly raises the issue of the validity of the search warrant itself.

The search warrant authorized the executing officers to seize the following:

> all documents or contracts found there (appellant's place of business) reflecting agreements between Bob Ellis AKA Bob Lee, black male d.o.b. 4–12–37; Richard E. Patterson III, a black male, d.o.b. 4–11–51; and Michael Edward Keene AKA Nijo Eugene Johnson AKA Edward West, a black male, d.o.b. 5–27–58, with authority to seize all documents or contracts found there reflecting agreements between Bob Ellis AKA Bob Lee, Richard E. Patterson III, Michael Edward Keene AKA Nijo Eugene Johnson AKA Edward West, Michael Moore and any others who have contracted to fix the credit reports of Harris County citizens for a commission or fee

■ The Fourth Amendment to the United States Constitution and Article 1, Section 9, of the Texas Constitution prohibit general warrants which fail to particularly describe the property to be seized and allow general exploratory searches. *Sanders v. State*, 649 S.W.2d 59, 64 (Tex.App. [1st Dist.] 1982, pet. granted); *Gonzales v. State*, 577 S.W.2d 226, 228–229 (Tex.Crim. App.1979). The requirement that a search warrant be specific prohibits general searches and prevents the vesting of complete discretion in the officer who executes that warrant. *Chambers v. State*, 508 S.W.2d 348, 352 (Tex.Crim.App.1974). It is well settled that the description required depends upon the thing being described, so that when "things to be seized" (i.e., books, papers, records, and documents) are subject to First Amendment concerns, "and the basis for their seizure is the ideas which they contain," the warrant "is to be accorded the most scrupulous exactitude." *Stanford v. Texas*, 379 U.S. 476, 485, 85

S.Ct. 506, 511, 13 L.Ed.2d 431 (1965). *See also Gonzales v. State,* 577 S.W.2d at 228–229. Appellant does not raise First Amendment concerns, nor are there any reflected by the record.

■ "When the circumstances of the crime make an exact description of the fruits and instrumentalities a virtual impossibility, the searching officer can only be expected to describe the *generic class* of items he is seeking." *Spinelli v. United States,* 382 F.2d 871, 886 (8th Cir.1967), *rev'd on other grounds,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (emphasis added). The warrant in the instant case is analogous to that in *Hearn v. Internal Revenue Agents,* 597 F.Supp. 966, 969–970 (N.D.Dallas 1984) wherein the validity of a warrant to search the premises of a tax shelter planning consultant, attacked as a general warrant, was upheld. The affidavits supporting the warrant in *Hearn* described pervasive schemes manifested in various forms and disguises, so that it could be surmised that all client files were likely to contain evidence of wrongdoing. *Id.* Consequently, the warrant in *Hearn* was not rendered general and defective simply because it contemplated the seizure of all client files, and no discretion was left to the executing officer in deciding which files to seize or what constituted client files. *Id.* The court further emphasized that whether or not upon subsequent examination and investigation the surmise of the officers was correct is immaterial; the warrant authorizing their seizure is not to be judged with the greater clarity of hindsight. *Id.*

In the instant case, the affidavit similarly described appellant's deceptive credit schemes with particular clients; it was possible to conclude that the admitted items complained of were relevant to client files and contained evidence of the wrongdoing complained of.

We hold that the warrant was sufficiently specific to be valid and that the trial court's ruling was proper.

Appellant's fifth ground of error is overruled.

Appellant's sixth, seventh, and eighth grounds of error allege that the trial court erred in overruling his motion for instructed verdict because the State failed to prove ownership of funds allegedly appropriated by appellant in the complainants Tom Bonner, Lila Gentry, and Fred Mathues. Specifically, appellant argues that the State failed to meet its burden to show possession or control of the property in the named complainants.

■ The standard of review by the trial court is the same standard by which this court reviews sufficiency of the evidence. *Chase v. State,* 573 S.W.2d 247, 249 n. 1 (Tex.Crim.App.1978). In a jury trial, it is axiomatic that the jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony. Tex. Code Crim.P.Ann. art. 38.04 (Vernon 1965). If there is any evidence to support a verdict of guilt, an issue of fact is raised for the jury. *McKenzie v. State,* 617 S.W.2d 211, 217–218 (Tex.Crim.App.1981).

■ In considering a question of variance, the State is bound by the allegations set forth in the indictment, and it must prove those allegations beyond a reasonable doubt. *Benson v. State,* 661 S.W. 708, 713 (Tex.Crim.App.1982) (op. on reh'g), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). If there is a fatal variance between the allegations and the proof, it may render the evidence insufficient to sustain a conviction. *Seiffert v. State,* 501 S.W.2d 124, 126 (Tex.Crim.App. 1973); *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983).

■ When the property referred to in an indictment is the property of a corporation, it is the preferable practice to allege "special ownership" in a natural person acting for the corporation. *Simpson v. State,* 648 S.W.2d 1, 2 (Tex.Crim.App.1983). The natural person, alleged to be the owner, does not have to be the exclusive owner. *Sowders v. State,* 693 S.W.2d 448, 451 (Tex. Crim.App.1985).

Tex.Penal Code Ann. secs. 1.07(a)(24) and (28) (Vernon 1974) provide:

(24) "Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

(28) "Possession" means actual care, custody, control, or management.

Therefore, the Code provides three separate means of establishing ownership: that the alleged owner had (1) title, (2) possession, or (3) a right to possession superior to that of the appellant. *Turner v. State,* 636 S.W.2d 189, 193 (Tex.Crim.App.1982) (op. on reh'g).

In the instant case, the State alleged that each complainant had a "greater right to possession"—the third form of ownership—of the appropriated property than appellant. The court correctly defined the three forms of ownership in its charge, and then applied the "greater right to possession of the property" definition to specific allegations involving each complainant.

Appellant cites *Turner v. State,* 636 S.W.2d at 193, for the proposition that the State's burden of proof in this case was to prove that each named complainant had *possession* of the property. Appellant's reliance on *Turner* is misplaced. Such a burden was placed on the State in *Turner* because the trial court's charge, unlike that of the instant case, did not charge the jury on the "greater right to possession" form of ownership.

In this case, it was incumbent upon the State to prove that Bonner, Gentry, and Mathues each had a "greater right to possession" of the property in order to sustain its burden of proof upon the element of ownership.

Bonner was the named complainant in several paragraphs of the indictment and charge. He testified he was credit manager and business records custodian for GMAC at its Southeast Houston (Gulfgate) office. He testified that the six GMAC credit applications in evidence were approved through his office, and outlined the normal credit verification and loan approval procedures utilized by his office generally and as applied to each credit application in evidence. In each instance, Bonner testified the loans would not have been approved absent the false credit record provided for each applicant. On cross-examination, Bonner testified that in each instance it was not his decision to fund the loans in question, but that of his credit supervisor, Betty Dorris.

Lila Gentry was the named complainant in one paragraph of the indictment and charge. Gentry testified that she was branch operations supervisor for Chrysler Credit Corporation and was familiar with the loan in question. Gentry testified as to the credit verification and loan approval procedures of her office and of the funding of the loan through her office in Harris County, Texas. She further testified that the loan would not have been funded had the true facts of the applicant's credit record been known. On cross-examination, she testified that it was not her decision to fund the loan in question but that of the credit supervisor, Larry Harbison, and that at that time she (Gentry) was working with Chrysler Credit in Mobile, Alabama.

Fred Mathues was the named complainant in one paragraph of the indictment and charge. Mathues testified that he was area vice president and business records custodian of Citicorp Acceptance Corporation in Houston, Texas. He testified as to his company's credit verification and loan approval procedures and of the disposition of the particular loan in question. He further testified that the loan in question would not have been funded absent false credit information about the applicant. On cross-examination, Mathues testified that the loan was approved by credit manager Richard Giles.

The testimony of each complainant established some degree of control over the funding of the loans in question. Under the circumstances of this case, the approval of the credit was but one step in the disbursement of corporate funds. Therefore,

whether each complainant actually authorized the loan is irrelevant under the greater right to possession theory of ownership and in the corporate context presented. *See Sowders v. State*, 693 S.W.2d at 451; *Compton v. State*, 607 S.W.2d 246, 251 (Tex.Crim.App.1980) (op. on reh'g).

The evidence clearly established that the complainants, as lawful agents of their respective corporations, had a greater right to the corporate funds than did appellant. It was established that the credit would not have been extended had it not been for the false information. It was not necessary to present the testimony of the particular person who performed the clerical detail of disbursing the funds authorized by such credit approval. The State met its burden of proof.

Appellant's sixth, seventh, and eighth grounds of error are overruled.

Appellant's ninth ground of error alleges that the evidence is insufficient to prove that Tom Bonner extended credit to an applicant named Michael Keene based upon some deception on the part of appellant, as set forth in paragraph 3 of the charge. Appellant argues that the evidence showed no connection between appellant and the Keene transaction.

The trial court properly charged the jury on the law of parties. Tex.Penal Code Ann. sec. 7.02 (Vernon 1974).

In reviewing the sufficiency of evidence in either a direct or circumstantial evidence case, the reviewing court must view the evidence in the light most favorable to a jury's verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt *Burks v. State*, 693 S.W.2d 932, 937 (Tex.Crim.App.1985). "[I]f the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (Op. on reh'g).

■ The offense in question was presented in the indictment as follows:

It is further presented that in Harris County, Texas BOBBIE LEE ELLIS, hereafter styled the Defendant, heretofore on or about AUGUST 24, 1984, did then and there unlawfully acquire and otherwise exercise control over property, other than real property, namely, money, owned by TOM BONNER, a person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, of the value of over twenty thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

Tom Bonner testified that on August 27, 1984, his office received a credit application from a Michael Keene and a dealership named Bob Robertson Chevrolet. The credit application listed Keene's employment as a CPA with appellant's business, Executive Marketing International (EMI). The application also gave the phone number (523–5400) of that office. Bonner testified that because they were unable to find a Credit Bureau file on Keene, outside credit reports were consulted as well as verification of employment. An individual named "Judy" at the telephone number 523–5400, verified that Keene had been employed with EMI since May of 1978. The Keene loan was eventually funded on August 31, 1984, for $23,858.51 through the Harrisburg Bank in Harris County, Texas. Bonner testified that absent the deceptive employment information contained in the application and received from "Judy" at EMI, the Keene loan would not have been funded.

James J. Cardoni of the Harris County Constable's Department testified that an individual named Ed West worked at 4101 San Jacinto for appellant. West had purchased two Chevrolet Corvette automobiles at Bob Robertson Chevrolet, one under the alias of Nino Johnson and the other under the alias of Michael Keene. Cardoni testified that a warrant for West's arrest had been issued but West had still not been apprehended.

Michelle McDonald of Southwestern Bell Securities testified that the telephone number 523–5400 was one of four different phone numbers listed under EMI and was physically located at 4101 San Jacinto in Harris County. The bill on this phone was sent to the attention of appellant.

Judy Calhoun testified that she was the receptionist at EMI, 4101 San Jacinto, and worked for appellant from June, 1984 to November, 1984. In addition to appellant and other individuals, Calhoun testified she worked for Ed West. As per appellant's instructions, Calhoun answered a number of different telephones using differing names for each phone. One of these names was EMI. Calhoun further testified that West drove a white Corvette and that his work consisted of soliciting customers.

The evidence was sufficient to connect appellant to the Michael Keene transaction and to support the jury finding on this issue.

Appellant's ninth ground of error is overruled.

Appellant's tenth ground alleges the trial court erred in overruling his motion for instructed verdict on the basis that the State allegedly failed to prove that a theft occurred as to paragraphs 2, 9, 10, 11 and 13 of the charge.

In light of appellant's argument, it is unnecessary to discuss in detail whether there was sufficient evidence to support each challenged paragraph in the charge.

Suffice it to say that the relevant paragraphs in the charge correspond with those in the indictment. Each paragraph alleges that appellant unlawfully acquired or otherwise exercised control over property owned by a named complainant, with the intent to deprive the complainant of the property and without the complainant's effective consent.

More specifically, each paragraph involves a substantial loan which had been made by GMAC or by Citicorp Acceptance Corporation. In each instance the testimony showed: (1) that the loan applicant had his or her credit record and/or references falsified by the services of appellant or his associates; (2) that as a result of the falsification of these credit records or references, each of these applicants was granted a loan for them to use to buy a car; (3) that in each case, had the truth been known to the lender, the loan would have been denied, so that consent was obtained from the owner by deception; and (4) that in each instance, the money actually was delivered, being paid to the seller of the car, for the buyer, through a bank.

It is appellant's contention that because the buyers of the cars in these instances had not defaulted on their loans at the time of trial and were in fact "repaying" the complainants at a profit, that there was no proof that appellant intended to deprive the owners of the money.

Additionally, appellant claims that there is no proof of the lack of the owners' effective consent to the appropriation of their money because in each instance, after learning the true credit information of each applicant, the loans were not repudiated but kept in effect.

■ "[T]he 'manner of acquisition' is inconsequential to the evil of a theft: the gravemen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property*, without his consent." *McClain v. State,* 687 S.W.2d 350, 353 (Tex.Crim.App.1985) (Emphasis in original). Consequently, theft can occur, for example, when a victim is induced to ship goods that he would not have otherwise shipped, irrespective of whether the accused actually received, possessed, or acquired the merchandise. *Salazar v. State,* 711 S.W.2d 720, 723 (Tex.App.—Corpus Christi 1986).

Tex.Penal Code Ann. secs. 31.01 2(A), (B), 3(A), and 4(A), (B) (Vernon 1974) provide:

(2) "Deception" means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

(3) "Deprive" means:

(A) to withhold property from the owner permanently *or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;*

(4) "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

Emphasis added.

 Because Tex.Penal Code Ann. sec. 31.03(a) (Vernon 1985) does not require an actual deprivation of property but only an intent to deprive, the requisite intent (i.e., to deprive permanently or for so long that a major portion of the value or enjoyment of the property is lost to the owner) may be proven by a temporary deprivation just as by an actual deprivation. *Draper v. State,* 539 S.W.2d 61, 68 (Tex.Crim.App.1976).

We hold that the temporary deprivation of the funds in the instant case supports a finding of the requisite intent to deprive.

Additionally, contrary to appellant's argument, such intent is not negated by the subsequent gradual "repayment" of the money. *Draper v. State,* 539 S.W.2d at 69. It follows that the effective consent of each complainant was likewise not negated by the subsequent conduct of each complainant. The offense was complete when the property was transferred. *Id.*

The evidence was sufficient to raise an issue of fact of theft in each of the challenged paragraphs of the charge, and the trial court's ruling was proper.

Appellant's tenth ground of error is overruled.

Appellant's final ground argues that the evidence was insufficient to support the verdict because appellant was allegedly not shown to have been guilty of at least two paragraphs in the court's charge, so as to constitute theft of an aggregate amount greater than $20,000.00 pursuant to one scheme and continuing course of conduct.

Tex.Penal Code Ann. sec. 31.09 (Vernon 1974) provides:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

In support of his contention, appellant argues that this court should eliminate consideration of allegations concerning complainants Bonner and Mathues. We have held that allegations involving these individuals have merit. Testimony from these complainants firmly establishes that the total amount of money funded through them was in excess of $20,000.00.

The evidence was sufficient to establish theft as alleged and supports the verdict.

Appellant's eleventh ground of error is overruled.

The judgment is affirmed.