**In re SEARCH WARRANT ISSUED JULY 14, 1987.**

**Misc. No. 2433–D.**

United States District Court, N.D. Texas, Dallas Division.

Feb. 11, 1988.

On Amended Motion for Return May 9, 1988.

Louise P. Hytken, U.S. Dept. of Justice, Tax Div., and William Sheetz, Asst. U.S. Atty., Dallas, Tex., for the government.

Robert Edwin Davis and William R. Cousins, III of Davis, Meadows, Owens, Collier & Zachry, Dallas, Tex., for Roy Douglas Rodgers, W.W. Rodgers & Sons Properties, Inc., W.W. Rodgers & Sons Fruits and Vegetables, Inc., Apple Trucking, Inc., Lettuce Invest, Inc., and W.W. Rodgers & Sons Produce, Inc.

G. Tomas Rhodus and Ronald A. Stein of Brice & Mankoff, P.C., Dallas, Tex., for Franklin W. Barton, J. Michael Barton, and Barton Bros. Produce.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

A large scale search and seizure operation conducted by agents of the Internal Revenue Service has resulted in various Fed.R.Crim.P. 41(e) motions for return of property and a motion by the government to stay the proceedings indefinitely pending the outcome of a grand jury investigation. Because the court concludes that the Rule 41(e) movants have yet to make a colorable showing of irreparable injury, the court does not reach the government's motion to stay, and instead affords the movants the opportunity to amend their pleadings to conform to the applicable equitable standards.

## I.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

On July 21, 1987, acting pursuant to a warrant issued by a magistrate of this court, agents of the Internal Revenue Service ("IRS") conducted a large scale search of the premises of W.W. Rodgers & Sons Produce, Inc. and Barton Brothers Produce and seized a large volume of documents. IRS agents also searched the persons of Roy Douglas Rodgers and Frank Barton.

The searches were conducted to obtain evidence of alleged criminal violations of the internal revenue laws, including tax evasion, fraud, and the making of false statements, resulting from currency skimming, money laundering, and illegal kickbacks.

Following the search and seizure in question, Roy Douglas Rodgers, W.W. Rodgers & Sons Properties, Inc., W.W. Rodgers & Sons Fruits and Vegetables, Inc., Apple Trucking, Inc., Lettuce Invest, Inc., and W.W. Rodgers & Sons Produce, Inc. ("Rodgers"), filed Rule 41(e) motions for the return of the seized property or, in the alternative, for the return of copies of the seized property. Thereafter, Franklin W. Barton ("Barton") filed a similar motion, and Roger Sutton, a Rodgers' employee who was present during the search and was questioned and detained by IRS agents, adopted the Rodgers' motion.

On October 2, 1987, the court convened a hearing in order to "receive evidence on any issue of fact necessary to the decision of the motion." See Fed.R.Crim.P. 41(e). After hearing the testimony of three witnesses and extensive arguments of counsel concerning admissible testimony, and after considering the terms of an agreement among the government and the movants that would permit the inventorying of seized documents (Tr. 185–193), the court adjourned the proceeding, indicating that it would consider certain substantive matters and make appropriate rulings before reconvening the hearing. Id. at 192, 198.

Before the hearing was reconvened, however, the government filed a November 17, 1987 motion for indefinite stay order. The government contends that a grand jury is now investigating the matters that are the subject of the search and seizure and that the instant proceedings should be stayed pending completion of the grand jury investigation.

## II.

### DISCUSSION

As noted, the court has previously indicated its intention to rule on substantive questions raised at the October 2 hearing

in order that the issues presented can be decided expeditiously. The government's subsequently filed motion for indefinite stay order has not affected the court's intentions, because the court concludes that movants have yet to plead a colorable claim of irreparable injury that would warrant the court's reconvening an evidentiary hearing. It is thus unnecessary, at this juncture, to decide the government's motion.

### A.

This court's authority to grant Rule 41(e) [1] relief derives from its power over court officers. *Hunsucker v. Phinney,* 497 F.2d 29, 32–34 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975) (declaratory judgment action to prohibit use of seized documentary evidence and Rule 41(e) proceeding to obtain return of property). Such jurisdiction should be exercised, however, with caution and restraint and subject to equitable principles. *Id.* at 34. Indeed, Rule 41 "is a crystallization of a principle of equity jurisdiction." *Id.* (quoting *Smith v. Katzenbach,* 351 F.2d 810, 814 (D.C.Cir. 1965)). *See also Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir.1975); *Watts v. Kroczynski,* 636 F.Supp. 792, 796 (W.D.La. 1986). Courts in other circuits have also held that proceedings for the return of seized property are governed by equitable principles. *See Pieper v. United States,* 604 F.2d 1131, 1133 (8th Cir.1979) (action to quash search warrant and suppress evidence) ("[T]he District Court's equitable jurisdiction to suppress illegally obtained evidence before an indictment has been issued has been firmly established. However, the jurisdiction is an extraordinary one and is to be exercised with caution and restraint."); *Mr. Lucky Messenger Service,*

*Inc. v. United States,* 587 F.2d 15, 17 (7th Cir.1978) (civil action seeking return of seized currency); *Klitzman, Klitzman & Gallagher v. Krut,* 591 F.Supp. 258, 266 (D.N.J.), *aff'd,* 744 F.2d 955 (3d Cir.1984) (civil action seeking, in part, injunctive relief requiring return of seized documents); *Hiller v. Murphy,* 600 F.Supp. 14, 16 (N.D. Ga.1984) (suit for injunctive relief seeking return of property seized, suppression of evidence, and cessation of further investigations based on seized materials).

One such principle of equity is that relief should not be granted in the absence of a showing of irreparable injury. *See, e.g., G.M. Leasing Corp. v. United States,* 429 U.S. 338, 359–60, 97 S.Ct. 619, 632, 50 L.Ed.2d 530 (1977) (holding petitioner had not demonstrated "the irreparable injury required to support a motion to suppress, under Fed.Rule Crim.P. 41(e), on equitable grounds in advance of any proceedings....") (citing *Hunsucker,* 497 F.2d at 34). In *Richey,* the Fifth Circuit set forth various factors for a district court to consider when determining whether to exercise its jurisdiction, two of which are whether the plaintiff would be irreparably injured by denial of the return of the property and whether plaintiff has an adequate remedy at law for the redress of his grievance. 515 F.2d at 1243–44. *See also Marshall v. Central Mine Equipment Co.,* 608 F.2d 719, 721 (8th Cir.1979) (OSHA search warrant case) (plaintiff must clearly demonstrate that his constitutional rights cannot be adequately adjudicated in the pending or anticipated enforcement proceeding against him) (citing *Hunsucker,* 497 F.2d at 34–35).

Thus far, however, movants have not adequately demonstrated even a color-

---

1. Fed.R.Crim.P. 41(e):

   A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of

   fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be

able claim of irreparable injury.[2] They have focused primarily on another ineluctable element of a Rule 41(e) motion, the legality of the search and seizure, but this has been to the virtual exclusion of necessary equitable considerations that govern Rule 41(e).[3] In its August 18, 1987 brief, Rodgers devoted just over one page to the need for return of its records (relying on recordkeeping requirements of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a et seq.), and the balance of the brief to the illegality of the search. Movant, Barton, adopted the motions of Rodgers et al. and set forth no express reasons for requiring the return of his property. At the portion of the hearing completed on October 2, the thrust of movants' initial presentation was upon the legality of the search. Thus far, the pleading of irreparable injury has been insufficient to warrant continuing the hearing.[4]

treated also as a motion to suppress under Rule 12.

**2.** Movants have yet to contend that equitable principles do not apply to this proceeding but the October 1, 1987 reply brief of Rodgers et al. inferentially presents the argument. (*See* Rodgers et al. Oct. 1, 1987 Rep.Br. at 2–3). In their reply brief, movants rely on *Linn v. Chivatero,* 714 F.2d 1278 (5th Cir.1983), for the proposition that movants need not invoke this court's anomalous jurisdiction. *Linn* holds that, in civil actions where a party seeks recovery of property for alleged violations of the Fourth Amendment, federal question jurisdiction now exists pursuant to 28 U.S.C. § 1331 in view of Congress' removal of the amount-in-controversy requirement. 714 F.2d at 1281. Another judge of this court, in fact, has read *Linn* to eliminate any "heightened threshold to the entertaining of [a] case." *Hearn v. Internal Revenue Agents,* 597 F.Supp. 966, 968 (N.D.Tex.1984) (Sanders, J.) (civil action seeking order for return of documents and injunction against IRS preventing any use of information gathered in search).

*Linn* and *Hearn,* however, were civil actions which sought injunctions compelling the return of property and foreclosing the use of information taken from the documents. Neither case expressly dealt with Rule 41(e) and, while Judge Sanders rejected in *Hearn* the government's reliance on the "callous disregard" standard of *Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir. 1975), a Rule 41(e) case, as being necessary to invoke the court's anomalous jurisdiction, 597 F.Supp. at 968, he did not address whether the Fifth Circuit's *Linn* decision would affect a Rule 41(e) motion. Indeed, in Barton's September 30, 1987 response, he concedes in another context that Rule 41(e) was not "implicated" in *Hearn.* (*See* Barton Resp. at 5).

This court has found no authorities which would undermine the propositions that a district court acts upon a Rule 41(e) motion pursuant to its anomalous jurisdiction and that principles of equity apply. In *In re Grand Jury Proceedings,* 724 F.2d 1157, 1160 (5th Cir.1984) (dictum), decided after *Linn,* the Fifth Circuit, without mentioning *Linn,* quoted with approval the *Richey* holding that actions for return of property made prior to the initiation of any civil or criminal proceedings flowing from the seizure of that property "'are governed by equitable principles, whether viewed as based on F.R.Crim.P. 41(e) or on the general equitable jurisdiction of the federal courts.'" (citing *Richey,* 515 F.2d at 1243). Moreover, in *Watts v. Kroczysnki,* 636 F.Supp. 792 (W.D.La.1986), a civil action that sought an injunction requiring the return of documents and requested Rule 41(e) relief, the district court, citing *Linn* as well as *Richey,* held that it possessed jurisdiction pursuant to 28 U.S.C. § 1331 and the doctrine of anomalous jurisdiction, *id.* at 795, and applied principles of equity in deciding the Rule 41(e) issues. *Id.* at 796 (citing *Smith v. Katzenbach,* 351 F.2d 810, 814 (D.C.Cir.1965), and *Hunsucker v. Phinney,* 497 F.2d 29, 34 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975)).

In the absence of any authority for the proposition that the 1980 amendment to 28 U.S.C. § 1331 stripped Fed.R.Crim.P. 41(e) of equitable considerations, the court concludes that Rule 41(e) movants must satisfy the irreparable injury and other equitable requirements adopted by the Fifth Circuit.

**3.** Barton does contend in his December 3, 1987 memorandum (*see* Mem. at 6–7) and his January 27, 1988 reply (*see* Rep. at 1–2) that irreparable harm need not be shown where an alleged deprivation of a constitutional right is involved. Barton relies upon a learned treatise in support of this contention. If this proposition is correct in the Rule 41(e) context, however, several courts, including the Fifth Circuit, have erected unnecessary equitable requirements that could have been dispensed with on the ground that, because Rule 41(e) necessarily involves a claimed constitutional deprivation, irreparable injury may be presumed upon proof of a constitutional violation. That the courts have not done so, *cf., e.g., Richey,* 515 F.2d at 1243–44, is evidence that they reject Barton's argument.

Aside from Barton's constitutional argument, however, he has stated in only the most general terms that he is harmed by the government's retaining his documents.

**4.** Movants' emphasis on the lawfulness of the search and seizure, as opposed to the equitable considerations that the court is to consider, rais-

## B.

Whether movants can plead irreparable injury with requisite specificity may hinge on whether the government makes available to movants copies of needed documents retained by the grand jury or returns documents that are not needed by the grand jury or by government prosecutors. Other courts have held that Rule 41(e) movants do not suffer irreparable harm where the government represents it will voluntarily return property, *see Ex parte Decious,* 622 F.Supp. 40, 40–41 (E.D.N.Y.), *app. dism'd,* 779 F.2d 35 (2d Cir.1985) (table), *cert. denied sub nom. Law Firm of Daniel P. Foster v. United States,* 474 U.S. 1061, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986); *Standard Drywall, Inc. v. United States,* 668 F.2d 156, 157 n. 2 (2d Cir.), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed. 2d 442 (1982) (dictum) (questioning whether, in absence of seizure of unique property or privileged documents, party can demonstrate irreparable harm when government provides copies of seized documents or returns originals), and that, generally, where a party is the target of an ongoing grand jury investigation, Fourth Amendment considerations should be deferred, "provided that the Government cooperates by giving copies of items seized or by returning the originals." *Zadok v. Sergeant,* Civil Action No. H–86–1719 (S.D.Tex. Feb. 27, 1987) (unpublished order) slip op. at 3, *app. dism'd,* No. 87–2378 (5th Cir. Jul. 22, 1987) (unpublished opinion) (per curiam) (citing *Application of Sentinel Government Securities,* 530 F.Supp. 793, 797 (S.D.N.Y.1982)).

In the present case the government and movants, pursuant to a court order that culminated from a discussion at the October 2 hearing (Tr. 185–193), apparently have inventoried the seized documents. It is not unreasonable for the court to anticipate that movants and the government can next agree upon which documents (or copies) can be returned to movants. If the government agrees to return originals and/or copies of documents, it is difficult to envision that movants can comply with the irreparable injury standard.

## III.

■ For the foregoing reasons, the court will require movants to plead a colorable claim of irreparable injury before considering further their Rule 41(e) motions. If they amend their pleadings within 20 days of the date this memorandum opinion and order is filed, the government shall thereafter have 10 days to file a response. The court shall determine whether the pleadings, if supported by proof, would be sufficient to show irreparable injury. If movants file no amended pleadings or choose affirmatively to stand on their present pleadings, the court will consider the motion to be denied without prejudice to a movant's later filing a Rule 12 motion.

The court abates determining the government's motion for indefinite stay order. Movants may amend their Rule 41(e) motions in accordance with this memorandum opinion and order.

SO ORDERED.

### ON AMENDED MOTIONS FOR RETURN

In response to the court's February 11, 1988 memorandum opinion and order, movants have filed amended motions for return of seized property in which they attempt to satisfy the irreparable injury requirement that the court concluded is imposed on a Fed.R.Crim.P. 41(e) movant. Movants also urge the court to hold that they need not demonstrate irreparable injury in order to obtain Rule 41(e) relief. The court declines to vacate its prior ruling and concludes that movants have failed to plead a colorable claim of irreparable injury.

es the question whether movants have focused too narrowly on the aspect of the Rule that renders inadmissible at trial property that was seized unlawfully. While Rule 41(e) does so provide, the Rule was not intended to supplant Rule 12 as the principal vehicle for the suppression of evidence. *See Application of Sentinel Government Securities,* 530 F.Supp. 793, 797 (S.D.N.Y.1982) (absent unique property or privileged documents, consideration of Fourth

## I.

The court turns first to movants' requests for reconsideration, in which they present thoughtful arguments to support the proposition that a Rule 41(e) movant need not demonstrate irreparable injury. Movants have carefully analyzed the development of Rule 41(e) jurisprudence and have set forth an arguable basis for a court less fettered to hold that equitable prerequisites should not be imposed. It nevertheless remains that this court is bound to follow the law of this circuit which, so far as this court can discern, adheres to imposition of equitable requirements. *See supra* at 1420 n. 2. While there are recent cases that decline to require a Rule 41(e) movant to demonstrate irreparable injury, *see, e.g., Floyd v. United States,* 677 F.Supp. 1083, 1087 n. 2 (D.Colo.1987) (plain language of Rule 41(e) makes no reference to irreparable harm) (citing cases), other courts, including the Eighth Circuit, have required such a showing. *See In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988) (Rule 41(e) case) (district court equity jurisdiction to be exercised in accordance with familiar limitations on the granting of equitable relief) (quoting *Meier v. Keller,* 521 F.2d 548, 554 (9th Cir.1975), *cert. denied,* 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976)); *id.* at 1275 ("the district court's refusal to exercise its equitable jurisdiction was also proper because [movant] has an adequate remedy at law and will not suffer irreparable harm...."). The court will adhere to its prior holding that a colorable showing of irreparable injury must be pleaded before the court will consider further the pending motions.

Amendment must be deferred to Rule 12 motion to suppress).

1. In addition to the original movants, J. Michael Barton ("Michael") and Barton Brothers Produce ("BBP"), a partnership, have joined in the amended motion of Franklin W. Barton ("Barton"). The government contends these additional parties cannot now be added as movants and have not demonstrated they have standing to raise Fourth Amendment claims. The court grants Michael and BBP leave to join Barton's amended motion. Because the court denies the motion on other grounds, the court does not reach the question whether Michael and BBP can satisfy the standing requirement.

## II.

The court next determines whether movants [1] have pleaded a colorable claim of irreparable injury.

In the February 11, 1988 memorandum opinion and order, the court observed that "[w]hether movants can plead irreparable injury with requisite specificity may hinge on whether the government makes available to movants copies of needed documents retained by the grand jury or by government prosecutors." *See supra* at 1421. The government advised the court, in an April 11, 1988 response, that the government had returned to movants "the originals on microfilm copies of approximately half of the records seized from Rodgers" and "is presently microfilming the remaining records and expects to have completed the copying in about two weeks." [2] In a May 2, 1988 letter, the government advised the court that it had "completed microfilming the records seized from the premises of [Rodgers] ... and ha[d] provided to counsel for the Rodgers microfilm copies of these records and, with respect to some records, the originals." [3]

The court has already implicitly rejected certain of the grounds on which movants rely to plead a colorable claim of irreparable injury. By concluding, as do other courts, that Fourth Amendment considerations should normally be deferred, the court has already held to be inadequate movants' irreparable injury claims predicated on the threat of unjustified prosecution, the denial of right to counsel during illegal

2. The government's representations regarding the return of documents are directed to the Rodgers movants rather than the Barton movants. The Barton movants have informed the government that they require records to prepare income tax returns but have declined, on Fifth Amendment self-incrimination grounds, to designate which records they need.

3. The government also states that it has retained and has not copied a sealed box containing "records of transactions between Rodgers and various attorneys." The government suggests that the court refer these documents to the magistrate for *in camera* determination whether the records contain privileged communications.

search, the necessity to undergo the needless expense and embarrassment of extended investigation, the possibility of repeated spurious litigation and wrongful indictment, and the violation of constitutional rights. The Rodgers movants also contend they do not have an adequate remedy at law by way of motion to suppress because "tax investigations are among the slowest developing of all criminal prosecutions" and it may take 18 months to three years before the case reaches the indictment stage, if ever. They posit that, if their Rule 41(e) motion is denied, they will have no recourse during the intervening period.[4] The Barton movants also assert that they "have need for the seized records on a daily and continuing basis" for business purposes and to prepare tax returns, and that they are irreparably injured because "they have no reasonable means by which they may demand [the IRS or its agents] to compensate them for the deprivation referred to...."

The court concludes that neither the Rodgers nor the Barton movants have made a colorable showing of irreparable injury. To the extent movants' allegations do not present Fourth Amendment-related contentions that are properly deferred, movants are unable to plead irreparable injury in the face of the government's willingness to make available to movants copies of all documents seized and to return certain original documents.

### III.

The Rule 41(e) motions are denied without prejudice to the filing of Rule 12 motions, if necessary.

SO ORDERED.

---

**4.** The Rodgers movants also argue that three potentially vital witnesses on a motion to suppress are ages 78, 79, and 80 and may later be unavailable. This assertion, without more, is insufficient to plead irreparable injury. While movants assert that their "accounting activities will be critical" to such a motion and that these three company employees "are primarily responsible for the accounting activities," movants do not explain why other witnesses could not provide such testimony equally well.